RACHEL GRAVES v. E. J. BOWERS.

Parol Partition — When Valid.

  A parol agreement by tenants in common for a partition between them, followed by occupancy in pursuance of the agreement, is valid and severs the co-tenancy.[1]

  Bill in chancery by appellee against appellant for the sale of a lot described in the bill for partition of the proceeds. From a decree granting the relief sought, defendant appeals.

  Complainant, E. J. Bowers, filed the bill in this case against Rachel Graves, praying for the sale of a lot in Canton, Miss., for partition of the proceeds, claiming to be the owner of an undivided

---

[1]

  A parol agreement between coparceners for the partition of lands held by them as such, when carried out by the parties taking possession in severalty according to the agreement, is valid, and not within the statute of frauds. Wildey v. Bonney's Lessee, 31 Miss. 644.

  And so a parol agreement, by which the parties to an action of ejectment stipulated that judgment should go for the plaintiff for the whole of the premises in controversy, but that his title extended only to a part and that defendant's title was good to the remainder, and that the parties would occupy the premises in severalty, according to their title as thus agreed to, if carried out by each party taking possession of the portions conceded to him, is in effect a settlement by the parties of their claim to the parts of land to which they are respectively entitled, and a parol partition of it, executed by possession in severally, which it is well settled is valid and binding between the parties. City of Natchez v. Vandervelde, 31 Miss. 706.

  A parol agreement by tenants in common of land for a partition between them, to own and occupy certain parts in severalty, followed by occupancy in pursuance of the agreement, is valid, and severs the co-tenancy and estops each to claim title to or interfere with the possession of the other. In such case, it is immaterial that the parol partition relates to two separate and distinct tracts not contiguous. Pipes v. Buckner, 51 Miss. 848.

  The validity of a parol agreement for partition between adult co-tenants, followed by possession thereunder, will not be affected by the fact that they subsequently interchanged deeds in execution of it; nor by the fact that judicial proceedings were resorted to for partition, the parties deeming this course expedient. Pipes v. Buckner, 51 Miss. 848.

  A parol agreement between coterminous owners, fixing an uncertain and disputed boundary between their lands, followed by possession, is valid and binding. Archer v. Helm, 69 Miss. 730; 11 So. 3.

half interest in the land. The defendant answered, denying that complainant had any interest in the lot, and made her answer a cross-bill, averring that the only title complainant had was a deed made by the sheriff of the county in pursuance of a sale by said sheriff if an undivided half interest in said lot, made under an execution against one Carrie Graves; that at the time of the judgment against said Carrie Graves, she had no interest in the property; that on the 24th day of November, 1871, Carrie, being the owner of the lot in question, and an adjoining lot of the same size, both lots constituting one lot, attempted to convey to her (the defendant) the lot in question, but the deed, instead of conveying that lot, conveyed an undivided one-half interest in both lots; that upon finding out that it did not carry out their intention, an agreement was entered into between Carrie Graves and defendant, by which defendant was to have the lot in question as her sole property, and Carrie Graves was to have the other lot, and that said agreement was carried out and Carrie Graves sold her lot and defendant went into possession of this lot, occupying it and exercising acts of ownership over it from the date of said agreement until this suit was filed; that prior to the institution of this suit said Carrie Graves executed to defendant a quit claim deed to the lot. The cross-bill prays for the cancellation of the deed to complainant by the sheriff to an undivided half interest in the lot. From a decree ordering the lot sold for partition, and denying the relief sought by the cross-bill, defendant appeals.

APPEALED from Chancery Court, Madison county, E. G. PEYTON, Chancellor.

Reversed and decree here on cross-bill, April 9, 1883.

*Attorney for appellant, F. B. Pratt.*

*Attorney for appellee, J. W. Downs.*

Brief of F. B. Pratt:

The learned chancellor fell into error in treating the cross-bill in this cause as simply seeking to reform the deed of November 24, 1871, on the ground of mistake. He says, in his written opinion, "The only questions presented by the pleadings are, has

such mistake been made as can be corrected; if so, whether the defendant is barred by lapse of time from asserting her right against third persons whose rights have intervened," and again he says, "Counsel for defense argued, etc., because of a parol partition, etc., but there is nothing in the pleadings that raises this question, hence it cannot be considered."

The cross-bill of appellant is no doubt unskillfully drawn, but I think a careful investigation will disclose that it sets up facts showing a parol agreement for the partition of the two lots mentioned, and an execution of that agreement. The cross-bill was intended *solely* to set up an executed parol partition and no such idea was entertained by the pleader, as making out a case for the reformation of a written instrument on account of mistakes, etc.

The allegation in the cross-bill of the mistake in the deed of November, 1871, was but a preface and introduction to the material allegation of the parol partition, and to explain the *reason* and *necessity* for such parol partition. The cross-bill recites that Carrie, being the owner of both lots on the 24th of November, 1871, it was agreed that she should convey the one in controversy (which was then the south one-half of one lot) to the appellant, and which was attempted to be done by deed, but that the deed, as drawn, conveyed an undivided half of both lots; whereupon, finding that the deed as executed did not carry out their intentions, "it was," says the cross-bill, "then and there fully understood and agreed by and between respondent and her said daughter, that the respondent was the sole and exclusive owner of the south one-half of said lot, and said Carrie the sole and exclusive owner of the north one-half of same."

Surely this averment in the cross-bill sets up an agreement for partition of the property, which, by virtue of the deed, they then held as tenants in common. Without the explanation of the mistake in the deed, it would seem strange and absurd that immediately upon its execution, vesting an undivided half interest in the mothers, they should divide the property by parol. Doubt would at once arise as to the trust of the averment of the partition. The question would be asked, why was not the deed drawn so as to obviate the necessity of any partition?

The cross-bill, after thus setting out the parol agreement for partition, and the reasons which led to it, goes on further to aver

the execution of this agreement, and to show *how* the same was executed and carried out. It says, "Respondent has lived upon and exercised exclusive control and ownership of said south one-half from said date to the present time, and said Carrie sold and conveyed the north one-half to N. K. on the 14th of December, 1871" (a few days after the partition). The deed mentioned in the cross-bill, and made a part thereof, from said Carrie to Rachel, dated May, 1882, recites "that said Carrie and Rachel were, on the 24th of November, 1871, seized as tenants, in common, and then entered into an agreement for partition, which agreement was then and there carried out, and said lots partitioned, etc." I mention this to show that the doctrine of parol partition was uppermost in the minds of counsel in the management of the whole case, however unskillfully he may have expressed himself in his cross-bill.

Suppose nothing had been said in the cross-bill about any mistake in the deed? Suppoes the cross-bill had recited, as did the deed of May, 1882, that the parties were seized on the 24th of November, 1871, as tenants in common, etc. (as is set out in cross-bill), would that not have been a sufficient averment of a parol partition? In other words, does the fact that the cross-bill recites a mistake in the deed destroy the effect of the facts set up which constitute parol partition?

The prayer of the cross-bill, it is true, prays that the deed of May, 1882, may relate back, so as to reform the deed of November, 1871, but that part of the prayer, as will readily be seen, is simply a suggestion as to the means or the method by which the relief sought was to be effected, a suggestion as to the form of the decree. All the evidence taken was upon the question of an executed parol partition. It is conceded that that fact was established by evidence, and it is believed that sufficient facts are stated in the cross-bill to raise that issue.

Justice and equity are manifestly on the side of the appellant in this case, and if, by giving a liberal construction to the pleadings, the issue of parol partitions can be found therein, the court will not hesitate to review the case and give appellant the relief sought. It will be a hard case, indeed, if this old woman is to be turned out of her home on account of the unskillful pleading of her attorney, if enough can be found in the pleadings to raise the issue which was established by the evidence.

I cannot well see that Pipes v. Buckner, 51 Miss. 851, is any stronger case than this. But suppose we consider the cross-bill as raising the exclusive questions of the reformation of the deed of November, 1871. Is the appellant barred by the lapse of time and the fact that the rights of creditors have attached? The judgment creditor had no greater right than his judgment debtor had. The judgment creditor had notice of the equitable title of appellant, by her open, notorious and exclusive possession of the house as a home, from November, 1871, to 1882, when this suit was commenced. Taylor v. Mosly, 57 Miss. 544.

Brief of J. W. Downs:

Complainant, in the court below, filed his bill, setting up claim to an undivided half interest in the lands described in the bill, and asking for a sale for division of the proceeds. The defendant, in her answer and cross-bill, sets up exclusive ownership in herself. She introduces a deed from Carrie Graves to herself, conveying an undivided half interest in the lands to her, alleging that it was the intention of the parties that the whole interest should have been conveyed by that deed.

The answer and the evidence taken in the court show that the parties *knew* at the time of the execution of this deed that it conveyed but a half interest. If so, there was no mistake or surprise, and no relief can be given. Kenon on Frauds and Mistakes, 298, 299, 303-312, 435, 436.

Rachel Graves claims under a pretended parol partition. This question is not raised by the pleadings. The answer states that Carrie Graves was the sole owner of the land in 1871, and how could she make partition of her own lands by parol? A party cannot make out by evidence a case different or any stronger than it is in his pleadings. By his pleading, he must stand or fall. If it is competent for joint tenants and tenants in common to make parol partition, the reason is, that each has an interest in the common property. Here, Rachel Graves has no interest. The evidence does not make out a case of parol partition. There was no severance of the interest or change of occupancy.

OPINION.—*Per curiam:*

The bill is not aptly drawn, but we think it sufficiently alleges the parol partition. The prayer for relief seems to rest the case

mainly upon the alleged mistake in the deed of November, 1871, but it does not do this to the exclusion of the right growing out of the parol partition. The partition is clearly shown by the testimony.

*Decree reversed* and decree here for defendant on the cross-bill.