FOX *v.* WILKINS *et al.*

(In Banc.   Jan. 13, 1947.   Suggestion of Error Overruled March 24, 1947.)

[28 So. (2d) 577.   No. 36259.]

Holcomb & Curtis, Brocato & Lowrey, and Maynard, FitzGerald & Maynard, all of Clarksdale, and Watkins & Eager, of Jackson, for appellant.

80

**Neill, Clark & Townsend**, of Indianola, for appellee, J. D. Wilkins.

**Beverly C. Adams**, of New Orleans, La., for appellee, Federal Land Bank of New Orleans.

Argued orally by **Pat D. Holcomb** and **Chester H. Curtis**, for appellant, and by **Arthur B. Clark**, for appellees.

**Alexander, J.,** delivered the opinion of the Court.

Appellant filed bill to remove the cloud upon her asserted title by appellee's claim of ownership. The land involved is a tract of 4.60 acres constituting part of the Fox Plantation of 1607 acres theretofore owned by R. C. Fox, Sr. Appeal is from decree dismissing the bill.

Both parties claim from the common source. The litigated tract is situated upon lands now owned by appellee Wilkins but had been occupied by appellant and her husband as their home since their marriage in 1925 up to the date of the husband's death in 1938.

The entire plantation was conveyed by R. C. Fox, Sr., in 1920 to R. C. Fox, Jr. (husband of appellant), his wife Cora, and his daughter Ellen Wilkins (wife of appellee), as tenants in common. There was but one residence on the entire plantation and it was occupied by R. C. Fox, Jr., who managed the whole property for the common benefit of all.

It is undisputed that the residence thereon was remodeled and repaired by the son who paid the taxes and insurance and repairs thereon, and it was understood by citizens in the community to be his residence. The evidence authorized the chancellor to find that a later remodeling of the home was paid for by the son out of proceeds from the operation of the plantation. There were other assertions of claim thereto by R. C. Fox, Jr.,

such as procuring homestead exemption thereupon, and his identification of the residence as being upon his own land in an application for a loan. An assertion that his mother, who owned the adjoining land upon which the residence and the disputed tract is actually located, made application at the same time for a similar loan, wherein no residence thereon was indicated, is somewhat undermined by the fact that the son procured and prepared both applications.

In 1925 partition of the plantation was orally agreed upon, whereby R. C. Fox, Jr., who was allotted, with other lands, the W½ of NE¼ of Sec. 35, T. 20, R. 4 West, in Sunflower County; and Cora Fox, his mother, received the E½ thereof in September 1926. Partition deed was executed by the parties in compliance with the verbal agreement. The deed contained the following preamble "whereas we have long since by verbal agreement divided said land among ourselves and each of us has agreed to accept one of said parts as their share of said lands . . ." It was acknowledged upon the day the application for loan was made by R. C. Fox, Jr. The immediate motive for making permanent record of the agreed partition seems to have been the requirement that a total loan of $60,000 upon the entire plantation be broken up into three separate loans to the respective co-parceners.

Appellee Wilkins acquired title to th E½ of NE¼ of Sec. 35 from his mother-in-law. Appellant derived title by deed from her husband to the W½ thereof. All the original grantees from R. C. Fox, Sr., were dead at the time suit herein was filed.

We encounter first the contention that appellant, wife of R. C. Fox, Jr., did not as his wife sign the partition deed. R. C. Fox, Jr., had resided upon the disputed tract as a tenant in common with the other original grantees for about five years prior to his marriage to appellant, and the verbal agreement of partition was made prior to her marriage. Such oral agreement was valid and its later execution in pais by the cotenants required no

assent by appellant. Wildey v. Bonney's Lessee, 31 Miss. 644; Pipes v. Buckner, 51 Miss. 848; Graves v. Bowers, 2 Miss. Dec. 374. It is interesting to notice that if appellant's assertion of a veto power over conveyance of the land as her homestead were upheld, her position as a continuing cotenant would confront her.

We need not sustain by citation authorities which compel one operating lands as a cotenant of those to whom he is related by family ties, and who, as their agent, manages a common property for their mutual benefit, to show by clear and convincing testimony the acquisition of a part thereof by adverse possession. To this basis, she is finally committed, and we find no justification for overturning the finding of the learned chancellor that the use made by R. C. Fox, Jr., of this property, which was the only residence available for his use as general manager, was insufficient to meet the test. General repute of its status as his place of residence was adequately shown in spite of exclusion of some corroborative testimony. Such assertions, most of which were made by R. C. Fox, Jr., even when aided by a repute which need have implied no more than an inference from mere occupancy, do not of necessity elevate such indicia to the degree of a hostile and adverse occupancy, especially in view of the history of the title and the relationship of the parties.

Affirmed.

**Sydney Smith, C. J.,** did not participate in this decision.