230 So.2d 570 (1970)
Susan Nevell Newell GAVIN
v.
Wilma Gavin HOSEY et al.
No. 45474.
Supreme Court of Mississippi.
January 19, 1970.
John A. Travis, III, Thompson, Alexander & Crews, Jackson, for appellant.
Marvin Oates, Bay Springs, for appellees.
*571 RODGERS, Justice.
This is an appeal by the appellant, Susan Nevell Newell Gavin, from an adverse decree. The appellees, Wilma Gavin Hosey, Grace Newell Shelby, Torry Gavin and Willie Newell, brought a suit in the Chancery Court of Jasper County, Mississippi, to confirm and establish their title to an undivided interest as cotenants in certain lands located in Jasper County. Henrietta Newell Bullock was also made a party defendant. Appellees sought an accounting and sought to have a certain oil, gas and mineral lease held by Union Oil Company of California cancelled as to the interest of the complaining cotenants. The oil lease has since expired.
The record shows that on November 30, 1911, one Sam Newell conveyed to his children, Torry Newell, Carrie Newell, Early (or Earl) Newell, Grace Newell (now Grace Newell Shelby) and Susan Newell (the appellant), by warranty deed, lands described as Southeast Quarter of Southwest Quarter of Section 22 and Southwest Quarter of Northeast Quarter, Section 27, Township 1 North, Range 11 East.
The appellant lived upon this property until 1941. It was assessed to her in 1932 and sold for taxes due thereon in 1933. Appellant obtained a forfeited land tax patent from the state on April 7, 1939, in the name of Newell Gavin. She and her husband constructed a house on the land and fenced the property in 1939. She left *572 the property in 1941 and moved to Joliet, Illinois, and subsequently to Detroit, Michigan. She left the property in charge of tenants from 1941 to 1963. From the time appellant obtained a forfeited tax title until the time this suit was filed, the appellant exercised control of the property. She sold timber on the land from time to time (admitted to be of the value of $3,000) and executed an oil, gas and mineral lease upon the property. The house was later removed from the land by a nephew of the appellant, with her consent.
The appellant contends that the appellees lost all property interest in the land here involved by reason of the tax sale for delinquent taxes and that the title to the land matured in the State of Mississippi. She contends that she did not redeem the property for the tenants in common, nor did the tax title acquired by her inure to the benefit of the other cotenants, but that she acquired the property with her own funds solely for her own benefit.
During the trial the appellant offered evidence to show that she attempted to get some of the other cotenants to aid her in redeeming the property by advancing their prorata part of the taxes necessary to redeem the title from the state, but that they refused to do so and claimed no interest in the land and are therefore ousted from the land and estopped from now claiming an interest in the property. On the other hand, there is evidence that some of the cotenants were minors at the time the appellant obtained the tax title from the state. She testified, however, that she had informed all the cotenants that she had purchased the land from the state. The chancellor, however, determined from the evidence that the property obtained by the tax deed by this cotenant inured to the benefit of all the cotenants and that the appellant had not ousted the other cotenants by her acts of control shown by the evidence. The Chancery Court also required the appellant to render an accounting of the profits derived from the use of the land while it was in the possession of the appellant.
After a careful examination of the record, we agree with the opinion of the chancellor and affirm the decree of the chancery court.
The rule has been one of long standing in this state that the purchase of an outstanding tax title to the common property by one cotenant inures to the benefit of all the cotenants. The reason for this rule of inurement is founded on the confidential relationship or position of the trust that exists between cotenants. Smith v. Smith, 211 Miss. 481, 52 So.2d 1 (1951); Howard v. Wactor, 41 So.2d 259 (Miss. 1949).
Appellant argues that this general rule of inurement is subject to limitations, and is inapplicable when the facts and circumstances negate the presumption of a confidential relationship existing between the cotenants. Appellant cites the case of Shelby v. Rhodes, 105 Miss. 255, 62 So. 232 (1913), Ferguson v. Chancellor, 206 Miss. 518, 40 So.2d 275 (1949), and Dampier v. Polk, 214 Miss. 65, 58 So.2d 44 (1952), for this proposition, and contends that the facts and circumstances surrounding appellant's relationship with her cotenants clearly negated any confidential relationship between her and her cotenants when she purchased the tax title in 1939.
We disagree with this thesis. There is a presumption of a confidential relationship existing between cotenants; therefore, appellant had the burden of proving otherwise so as to prevent the inurement of the tax title to the benefit of all cotenants. Shelby v. Rhodes, 105 Miss. 255, 62 So. 232 (1913); Ferguson v. Chancellor, 206 Miss. 518, 40 So.2d 275 (1949); Dampier v. Polk, 214 Miss. 65, 58 So.2d 44 (1952); Brown v. Brothers, 231 Miss. 729, 97 So.2d 642 (1957). Appellant failed to sustain this burden of proof.
Appellant contends that when she requested appellees to contribute and they *573 refused, the confidential relationship between them ended. Appellant argues that she was, in fact, asserting a hostile claim against appellees, and thus her subsequent purchase of the tax title did not inure to the benefit of appellees.
On the other hand, the appellees deny that appellant requested them to make contributions to help restore their title to the property, and also refute appellant's evidence that she made known her claim to the appellees.
The chancellor determined the truth of this matter to be on the side of the appellees. We cannot say from the record that he was manifestly wrong in his finding. Sample v. Romine, 193 Miss. 706, 8 So.2d 257 (1942).
Since the appellant failed to sustain the burden of proving that no confidential relationship existed between her and her cotenants prior to 1939, appellant's purchase of the tax title inured to the benefit of her cotenants. When the tax title was purchased by appellant, the cost of redemption then became a common charge against the property recoverable by appellant. 20 Am.Jur.2d Cotenancy and Joint Ownership § 72 (1965); Griggs v. Griggs, 218 Miss. 433, 67 So.2d 450 (1953). The acquisition of the tax title was made in support of the common title.
This brings us to the major issue of this appeal: Even if the forfeited land tax patent purchased in April 1939 by appellant, Susan Gavin, inured to the benefit of her cotenants, appellees, did appellant oust her cotenants after April 1939 and subsequently adversely possess the disputed land for a period in excess of the statutory period so as to divest appellees of all title and interest they may have had in the land?
We are of the opinion that the testimony in the record offered by appellant to sustain ouster and subsequent adverse possession against appellees fails to meet the standards which this Court has heretofore prescribed.
The rules and requirements which this Court has found necessary to sustain ouster by a tenant in common with his cotenants are well established. In the case of Wilder v. Currie, 231 Miss. 461, 95 So.2d 563 (1957), referring to the landmark case of Nichols v. Gaddis & McLaurin, Inc., 222 Miss. 207, 75 So.2d 625 (1954), this Court spelled out the test for determining ouster:
"* * * The rules for testing the question of ouster were stated in Nichols v. Gaddis & McLaurin, supra, in these words [222 Miss. 207, 75 So.2d 629]: `An ouster cannot be proved merely by acts which are consistent with an honest intent to acknowledge the rights of the cotenant. It does not necessarily imply an act accompanied by force. Because of the relationship between tenants in common, possession which in ordinary cases would constitute adverse possession is not sufficient where entry was made as a tenant in common. * * * In order to establish ouster of cotenants by a tenant in common in possession, the cotenants out of possession must have notice of his adverse claim either "from actual knowledge or as is sometimes vaguely expressed, by acts equivalent thereto", as by conduct so unequivocal that knowledge on the part of the cotenant out of possession must be necessarily presumed. Hurst v. J.M. Griffin & Sons, Inc., 1950, 209 Miss. 381, 46 So.2d 440, 442, 47 So.2d 811. The Hurst case further holds: "The testimony of such knowledge by the other tenants in common must be clear and convincing. Fox v. Wilkins, 201 Miss. 78, 28 So.2d 577. It is not enough that the possession to convey title should be apparently adverse but must be such with actual notice to the co-tenants or shown by such acts of repudiation of their claim as are equivalent to actual notice to them."'" (231 Miss. at 481, 482, 95 So.2d at 570)
To the same effect are Vanzandt v. Vanzandt, 227 Miss. 133, 85 So.2d 792 (1956); Anderson v. Boyd, 229 Miss. 596, *574 91 So.2d 537 (1956); Barber v. McManus, 205 So.2d 653 (Miss. 1968); Cf. Stampley v. Green, 251 Miss. 47, 168 So.2d 300 (1964). Nichols v. Gaddis & McLaurin, supra, and those that follow it are decisive of the question here.
In the case at bar appellant's evidence that all cotenants had actual knowledge of the adverse claim being asserted by the appellant was not clear and convincing. Furthermore, appellant's proof failed to manifest circumstances and conduct so unequivocal that knowledge on the part of the appellees to her claim of ownership must have necessarily been presumed.
Appellees were without actual knowledge or its equivalent of appellant's claim to sole ownership of the property until 1966. Since there was no ouster of appellees by appellant, it follows that appellant could not claim adverse possession as against appellees. It is well established that before one tenant in common may claim adverse possession as against his cotenants there must be an ouster of the other cotenants such as will afford them notice that his claim is adverse to their interest. Howard v. Wactor, 41 So.2d 259 (Miss. 1949); Wilder v. Currie, 231 Miss. 461, 95 So.2d 563 (1957); Anderson v. Boyd, 229 Miss. 596, 91 So.2d 537 (1956).
Since this case was tried, Grace Newell Shelby died intestate on January 4, 1969, and Henrietta Newell Bullock died intestate on or about July 1, 1969.
James O. Grissom, Chancery Clerk of Jasper County, Mississippi, was appointed and qualified as Administrator of the Estate of Grace Newell Shelby. Tom R. Green, Sheriff of Jasper County, Mississippi, was appointed and qualified as Administrator of the Estate of Henrietta Newell Bullock. This case has been revived in the names of the Administrators of the respective estates. All that we have said in the foregoing opinion with reference to the disposition of the interest that belonged to the deceased persons is hereby made applicable to the Administrators of the estates of the deceased parties.
For the reasons stated above, the decree of the chancery court is affirmed.
Affirmed.
GILLESPIE, P.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.