73  575
86  294

## SAM SCOTT ET AL. *v.* EUGENIE SCOTT.

1. HUSBAND AND WIFE.   *Homestead.   Wife driven from home.   Conveyance by husband.   Statute construed.   Code 1892, § 1893.*

  Under § 1893, code 1892, declaring invalid all conveyances and incumbrances of the homestead, "unless signed by the wife of the owner, if he be married and living with his wife," a husband who has driven his wife from his home and refuses to permit her to return. cannot lawfully convey the premises to a third person, the wife not joining in the conveyance, for the law will not suffer the husband to acquire by his wrong what the statute has denied to him.

2. SAME.   *Right and remedy of wife.   Equity pleading.   Alimony.*

  A wife has, under § 1893, code 1892, only a veto power in respect to conveyances of the homestead, and cannot, for lack of an estate in the land, maintain a bill, the sole object of which is the cancellation of the husband's deed in which she did not join; but where her bill states facts that disclose a right to alimony, she will be treated as having shown an interest entitling her to attack the conveyance, and may be awarded alimony under her prayer for general relief.

3. SAME.   *Divorce not sought.   Allowance of alimony.*

  Alimony may be decreed upon a bill by which no divorce is sought. *Garland* v. *Garland*, 50 Miss., 694; *Verner* v. *Verner*, 62 *Ib.*, 260; *McFarland* v. *McFarland*, 64 *Ib.*, 240, cited.

FROM the chancery court of Leflore county.

HON. CLAUDE PINTARD, Chancellor.

The appellee filed her bill in equity, averring that she is, and was on June 18, 1894, the wife of the defendant, Sam Scott, and that, on that day, while living with him as his wife, on the premises in controversy, he drove her and their child from their home thereon, without just cause or provocation, and since then would neither live with them nor permit them to live with him; that complainant, in consequence, had been

compelled to live with her mother; that he afterwards filed a
false and scandalous bill for divorce, but had realized the gross
injustice of the proceeding and dismissed the same; that at,
and prior to, her being driven away from her husband, who
now resides in another state, he owned and occupied the premises
in controversy, being a house and lot in Greenwood, Miss., as
his homestead, and continued to own and occupy it until a few
days prior to the filing of her bill, when, in pursuance of his
design to dispose of said property and leave the state with the
proceeds, he sold and conveyed the same to the defendant, S.
A. Johnson, without the knowledge or consent of complainant
and without her signature to the deed of conveyance, the said
Johnson, at the time, having full knowledge that said premises
constituted the home of complainant and that she would not
consent to the sale thereof.    The complainant charged that the
deed to Johnson was void, and prayed cancellation of the same,
that possession be awarded to her, and for general relief.

The defendants, Scott and Johnson, filed separate demurrers
to the bill.    These demurrers are the same substantially, and
raise the questions discussed in the opinion of the court.

*Coleman & Somerville,* for the appellants.

1. The wife's signature is not essential to the validity of the
husband's conveyance of the homestead, unless he is living
with her.    Code 1892, § 1983.    The restriction is purely stat-
utory, is in restraint of alienation, and should be strictly con-
strued.    The courts in analogous cases have declined to engraft
exceptions upon the statute.    *Adams & Co.* v. *Dees,* 62 Miss.,
354; *Smith* v. *Ratcliff,* 66 *Ib.,* 683.    In this state the wife
has no estate in the homestead, and the Wisconsin cases and the
text of Waples on Homestead and Exemption, relied on by the
appellee, have no application to the case at bar, in which the
appellant was called on to resist an assertion of title and claim
of right of possession.    The bill shows that after driving away
his wife Scott himself abandoned the homestead, and, as his

right to fix the residence is fully recognized, it is hard to see how the property can be treated as retaining its character as a homestead. *Wilson* v. *Gray*, 59 Miss., 525; *Billingsley* v. *Niblett*, 56 *Ib.*, 540; *Smith* v. *Sherck*, 60 *Ib.*, 594; *Massey* v. *Womble*, 69 *Ib.*, 350; *Hill* v. *Franklin*, 54 *Ib.*, 632; *Hand* v. *Winn*, 52 *Ib.*, 788; *Thoms* v. *Thoms*, 45 *Ib.*, 264; 9 Am. & Eng. Enc. L., p. 475 *et seq.*

2. During the lifetime of the husband the wife has no such estate in the homestead as entitles her to resort to a court of equity for its protection. This was the settled doctrine of this court prior to the passage of the act of 1873, and as that act only gave her a veto upon the power of the husband to convey, without vesting any estate in her, it would seem that the rule remains unaffected. In addition to the authorities above cited, see *Duncan* v. *Moore*, 67 Miss., 136; *Pounds* v. *Clark*, 70 *Ib.*, 263; Thompson on Homesteads, § 693; *Guiod* v. *Guiod*, 14 Cal., 507; *Vancleave* v. *Wilson*, 73 Ala., 387. In Texas the doctrine of community property exists, and in Kansas the wife is recognized as having an existing interest in the property. The decisions cited by appellee from those states are, therefore, not in point; nor are the decisions of the Illinois and Michigan courts relied on, authority here, for in the former state the decisions are counter to an unbroken line in this state; and in the latter, it was only hypothetically remarked in one case that if in fact the wife had an equitable estate in the homestead, she could protect the same by cross bill. *Cassell* v. *Ross*, 3 Ill., 245; *Helm* v. *Helm*, 11 Kan., 21; *Wisner* v. *Fornham*, 2 Mich., 472. It is held in Iowa that, under the statute of that state, the husband and wife are joint tenants of the homestead, and so, also, in Georgia the wife has affirmative rights in the homestead, and consequently the decisions of the courts of those states have no application to this controversy. *Adams* v. *Beale*, 19 Iowa, 61; Georgia Code 1873, § 2041. See Code of Alabama, 1876, § 2822, under which *Vancleave* v. *Wilson, supra,* was determined.

---

*Rush & Gardner*, for the appellee.

1. The deed was invalid, for the reason that the same was not signed by the wife. The fact that the husband, in consequence of having wrongfully driven her from home, was not actually living with her, in nowise relieves the difficulty. The statute will be liberally construed for the benefit of the wife and child. Waples on Homestead and Exemption, pp. 6, 391. *Keyes* v. *Scanlan*, 63 Wis., 345; *Barker* v. *Dalton*, 28 Wis., 385; *Lamb* v. *Wogan*, 27 Neb., 236; 9 Am. & Eng. Enc. L., p. 781; 60 Tex., 633; 54 Tex., 201; 10 Minn., 458. The case of *Gray* v. *Wilson*, 59 Miss., 527, relied on by the appellants, is not pertinent to the facts of this case. There the intention was to change the residence, which the court said could be done, but in that case it was remarked that if the sale of the homestead was made by the husband to effect the change of residence, ''and not as a device to evade the legal requirement of his wife's joinder, the fact that it was made before his actual removal from the land did not make invalid the conveyance that would have been valid, if made after the abandonment occurred.''

2. The right of the appellee to maintain the bill filed by her is unquestionable upon authority. Waples on Homestead and Exemption, pp. 688, 689; 41 Tex., 647; 66 Ill., 169; 31 Ill., 13; *Wisner* v. *Fornham*, 2 Mich., 472; *Mix* v. *Kretz*, 5 Ill., 434; 16 Ill., 145; *Helm* v. *Helm*, 11 Kan., 21. The case of *Vancleave* v. *Wilson*, 73 Ala., 389, cited by appellant, turned on the question of notice. In this case the purchaser is alleged to have had full notice.

COOPER, C. J., delivered the opinion of the court.

The bill in this cause charges, and the demurrer admits, that the defendant, Scott, without cause or provocation, drove his wife, the complainant, from his home and refused to permit her to return. The first question, therefore, presented is whether the husband could, thereafter, and while the premises

continued to be his home, lawfully convey the same, the wife not joining in the conveyance. Our statute declares that "a conveyance, mortgage, deed of trust or other incumbrance upon the homestead exempted from execution, shall not be valid or binding, unless signed by the wife of the owner, if he be married and living with his wife."

The contention of counsel for the appellants is that the statute defines and limits the conditions within and under which it applies, and, if the conditions, for any reason, cease to exist, the unrestricted power of the husband to convey the homestead is restored. And so it is argued that, since the complainant was not in fact "living with" her husband when the conveyance was made, it was valid without her joining therein. This construction would bring the husband within what might be justly termed the iniquity of the statute, since it would give him a *quasi* repealing power, under which, by clubbing his wife from the home, he could free himself from this restraint on alienation. But we cannot think it was ever contemplated by the legislature that the statute should be so construed as to abrogate the maxim that no one can gain a right by his own wrong.

The husband, as the head of the family, has the recognized right to fix its domicile, and so may, in good faith, remove from the homestead, which thereupon loses its character as such, and, if the legal title is in him, it may thereafter be conveyed by his deed without the consent of the wife. But the position of head of the family imposes duties and obligations correlative to its rights and powers. The domicile of the husband is the domicile of the wife, and, so long as she does not willingly withdraw herself therefrom or do any act by which her rights are forfeited, she is entitled to the protection of its shelter. No violence or subterfuge or device of the husband can thrust the wife from the protection of the statute nor free him from its restraint. So long as the wife has the right and the will to remain at the home, she is, in our opinion, to

be considered as there living, within the meaning of the statute. We are, therefore, of opinion that the conveyance of the homestead under the circumstances charged in the bill, was invalid.

But it is said by counsel for appellant that the wife has no estate in the land, and, therefore, no standing in the court to attack the conveyance. If the bill be considered purely as one for cancellation of the conveyance and a restitution to the home as such, this contention would appear to be sound, for, as we have heretofore decided, the statute gives the wife no property right in the home, but only a veto power upon the right of the husband to convey. *Massey* v. *Womble,* 69 Miss., 350.

Although the purpose of the pleader seems to have been to secure only this relief, to which complainant is not entitled, yet the facts stated are sufficient to uphold a prayer for alimony, and the bill contains the prayer for general relief, under which any appropriate relief may be granted.

Alimony may be decreed upon a bill by which no divorce is sought. *Garland* v. *Garland,* 50 Miss., 694; *Verner* v. *Verner,* 62 Miss., 260; *McFarland* v. *McFarland,* 64 Miss., 449.

Although the wife may not have any estate in the land, and, therefore, may not be entitled to maintain a bill for the single purpose of vacating the invalid conveyance by the husband of the homestead, her right to alimony out of his estate supplies the interest which enables her to attack the deed in order that the property thereby conveyed may be subjected to her claim.

*The decree is therefore affirmed.*