CROSBY, et ux. *v.* HATTEN.

Feb. 4, 1952.

No. 38202 (56 So. (2d) 705)

**Deavours & Hilbun**, for appellants.

**Cephus Anderson,** for appellees.

**Lee, J.**

Carrie B. Hatten filed suit against her husband, Ander Hatten, and W. C. Crosby and wife, Mary Jane Crosby, in which she sought the following relief: (1) A divorce from her husband on the ground of habitual cruel and inhuman treatment; (2) custody of their three minor children; (3) alimony and support for herself and children; (4) to impress a lien on forty acres of land, therein described, to effectuate their support; and (5) to cancel a deed to said land from Ander Hatten to the Crosbys. In his answer, Ander made no denial of the material allegations, but, in effect, admitted them. The Crosbys, by their answer, denied the right to cancel their deed.

At the conclusion of the evidence, the learned chancellor held that there had been collusion between the husband and wife, and refused to grant a divorce. He held, however, that the deed from Ander to the Crosbys should be cancelled. The decree made an adjudication accordingly; and the Crosbys appeal.

Carrie B. and Ander were married in 1925. They lived on the forty acres of land in question for many years. She testified that Ander came home drunk on December 19, 1948, threatened to kill her, got after her with an axe, ran her away from home, and forbade her to return. Several witnesses corroborated her in this feature. She further testified that she was afraid to return, and, on that account, did not do so. Ander admitted that he warned her several times not to go back. They lived apart thereafter. Carrie B. moved to the home of relatives. Ander moved to Forrest County, and made no contribution to the support of his wife or children.

Approximately nine months after the separation, on October 3, 1949, Ander executed and delivered to the Crosbys a deed to the forty acres of land. The consideration was $300 and the assumption of an indebtedness to the Land Bank Commissioner. Mary Jane Crosby is Ander's sister. She and her husband lived on adjacent land. Both Carrie B. and Ander went to the Crosby home, at different times, on the night of the separation, and the Crosbys had full opportunity to ascertain what had happened. They went to Hattiesburg in order to see Ander to make the purchase from him.

The court found as facts that the forty acres of land was the homestead of the couple; that Carrie B. did not leave the home of her own accord; that she had been driven away by Ander; that the Crosbys knew about the circumstances; and that they were not innocent purchasers. In such finding, he was amply sustained by the evidence. The court concluded that Carrie B. could maintain that part of her bill to cancel the deed, on the ground that she did not sign the same in spite of collusion between her and Ander in filing the bill for a divorce.

Appellants make two contentions here: (a) Since there was collusion in bringing the suit for divorce, the entire action should have been dismissed; and (b) the finding of facts was against the great weight of the

evidence. The second contention has already been disposed of by what has been said above.

It is true that "collusion is such a fraud on the court and the law, as to bar relief, in any case in seeking *the dissolution of the marriage relation.*" Amis on Divorce and Separation in Mississippi, Sec. 146. (Emphasis supplied). When there is collusion between the parties, no divorce can be granted. But the homestead was sold long before the institution of this suit. Carrie B. was entitled to its shelter for herself and children. It could not be sold, when utilized as such, without her signature to the deed. Sec. 330, Code of 1942. Although the court could grant no divorce, it held that she had been driven from the home. She was thereby denied shelter, and, on that account, a right to alimony accrued in her favor. And such relief may be granted even when a divorce is not sought. Garland v. Garland, 50 Miss. 694; Verner v. Verner, 62 Miss. 260; McFarland v. McFarland, 64 Miss. 449, 1 So. 508.

In the case of Scott v. Scott, 73 Miss. 575, 19 So. 589, where the wife was driven from home, without just cause or provocation, and her husband refused to permit her return, it was said that "her right to alimony out of his (her husband's) estate supplied the interest which enables her to attack the deed, in order that the property thereby conveyed may be subjected to her claim." See also Young v. Ashley, 123 Miss. 693, 86 So. 458.

The husband's sale of the homestead in Scott v. Scott, supra, without the signature of his wife on the deed, was held to be invalid. The court further held that the sale of the homestead by the husband is invalid, even though the wife be not living thereon, if her absence is occasioned by the act of the husband in driving her away. The court there said: "The domicile of the husband is the domicile of the wife, and so long as she does not willingly withdraw herself therefrom, or do any act by which her rights are forfeited, she is entitled to the protection of

its shelter. No violence or subterfuge or device of the husband can thrust the wife from the protection of the statute, nor free him from its restraint. So long as the wife has the right and the will to remain at home, she is, in our opinion, to be considered as there living within the meaning of the statute.''

From which it follows that the decree of the lower court ought to be, and is, affirmed.

Affirmed.

**McGehee, C. J.,** and **Kyle, Holmes** and **Arrington, JJ.,** concur.