## MAY *v.* MAY

No. 40272          November 5, 1956          90 So. 2d 169

*Albert Sidney Johnston, Jr.,* Biloxi, for appellant.

*Wadlington & Corban,* Biloxi, for appellee.

HALL, J.

The parties hereto were married to each other in 1925 and as a result of said marriage they had two children, both of whom are now adults and are married. Their marital life was not pleasant and in May 1953 the appellee filed a suit for divorce and alimony and attorneys fees against the appellant in the Chancery Court of Jackson County, Mississippi. At that time they owned a house and lot in the City of Ocean Springs, Mississippi, which had been bought with their joint funds in 1945, the deed thereto being made to both parties in equal share, and a deed of trust was executed by them to secure a balance due on the purchase price. Upon learning of appellee's intention to file the suit the appellant requested her to withhold prosecution of the suit and agreed with her that if she would drop the case he would convey to her his entire interest in the property. The bill for divorce had been signed and the affidavit thereto executed on May 12, 1953, and it had been filed on May 14, 1953, and

the appellant was served with summons therein on May 18, 1953. On May 19, 1953, the parties agreed that the suit would not be prosecuted and in consideration of this agreement the appellant executed to the appellee a warranty deed to his interest in said property, it being provided in the deed that she would assume the payment of the deed of trust on the property. Shortly thereafter this deed was placed of record. The suit was not prosecuted and was finally dismissed without prejudice.

The parties resumed the marital relation and the appellee went on a short visit to their son in Illinois. Thereafter she returned home and resumed residence with the appellant and later, about the end of July, she left and went back to Chicago where she spent two days with her son and then she went to Cleveland, Ohio, where she has continuously since resided. In the intervening time she made four visits back to Ocean Springs and stayed two or three days at a time, and on the last visit she told appellant that she was going to get a divorce from him. A final decree of divorce was granted in Cleveland, Ohio, on November 28, 1955, but after the filing of the Ohio suit and before the entry of the final decree the appellant brought suit in the Chancery Court of Jackson County, Mississippi, to establish his interest in the home and for a partition sale thereof. An answer and cross bill was filed by the appellee in which she set up the fact to be that a final divorce was granted to her in Ohio and a copy of the decree of November 28, 1955, was attached as an exhibit. She denied that the appellant has any interest in the property in question and averred the fact to be that he had continued in possession of the property since the separation. She admitted that he had a veto interest in the sale of the property until the divorce decree was entered, and she admitted that he had continued to make the monthly payments on the mortgage, which according to the proof amounted to a total of $1,181.28, which amount covers not only the principal but also the interest

and taxes and insurance. In the cross bill she asked for possession of the property. The special chancellor held that the appellant has no interest in the property, that his deed to the appellee was valid, that the appellant's homestead right has disappeared and that the appellee is entitled to the possession of the property, and that the appellant was not entitled to recover any of the payments made by him on the deed of trust during the time he occupied the property as the husband. At the trial both parties testified that the original conveyance of the property by appellant to appellee was in the nature of a property settlement in consideration of the attempt to preserve the marriage.

In the case of Burnett v. Smith, 93 Miss. 566 (572), 47 So. 117, we held that '' a man of sound mind may execute a will or a deed from any sort of motive satisfactory to him, whether that motive be love, affection, gratitude, partiality, prejudice, or even a whim or caprice.''

In the case of Williams v. Green, 128 Miss. 446, 91 So. 39, we held that a husband may make a valid deed to his wife to the homestead, without her signature, and that such deed will convey the title, but will not defeat the husband's right to occupy it as a home, and, as the law requires his consent to his wife's alienation of the homestead, his right to the homestead can not be impaired so long as the place is used as a homestead. Of course, when the parties are divorced the husband no longer has the right to occupy the property as a homestead.

■■ ■ We think that these authorities as well as what was said in Hemphill v. Hemphill, 197 Miss. 783, 20 So. 2d 79, afford ample support for the chancellor's decree, adjudging appellee to be sole owner of the property and awarding possession thereof to appellee, and the decree in that respect is affirmed.

This brings us to the question whether the appellant is entitled to recover from the appellee the payments which he made on the note and deed of trust in the sum

of $1,181.28. Under the deed which appellant executed to the appellee on May 19, 1953, it was specifically provided that the appellee assumed and promised to pay the note and deed of trust on said property, which note and deed of trust had been executed by both of the parties. After the separation the appellee moved to Ohio, as above stated, and the appellant continued to live in and occupy the property. So long as they continued to be husband and wife the appellant was entitled to occupy the property as a homestead. In fact, he filed application for and obtained exemption of the property as a homestead. The undisputed proof is that he paid on the indebtedness the total sum of $1,181.28, for which he sought recovery in this suit. The chancellor denied recovery for this amount on the ground that the rent on the property was worth as much as the appellant paid on the indebtedness. The point which the chancellor overlooked was that while the parties remained husband and wife, he did not owe her any rent on the property which he was occupying as a homestead. It is true that he had joined in the note and deed of trust with her which had been given to the bank prior to their separation, but it is also true that she had assumed full payment thereof so as to relieve him, as between the parties, of any further liability to make the payments to the bank. We are accordingly of the opinion that the appellant is entitled to recover a judgment against the appellee for the said sum of $1,181.28, and the decree refusing to award the same is reversed in that respect and judgment will be here entered in favor of the appellant and against the appellee for said sum.

If the appellant is still in possession of the property, he is liable to the appellee for the reasonable rental value thereof from and after the date of the divorce decree, and the cause will be remanded to the lower court for a determination thereof, as well as for any other proceedings not in conflict with this opinion.

Affirmed in part, reversed and judgment here in part, and remanded.

*McGehee, C. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.