ROBERTSON, Justice:
J. A. White, a licensed, practicing attorney of Durant, Mississippi, appeals from a decree of the Chancery Court of Attala County denying his petition to intervene in a partition suit brought by him as attorney for the Complainant, Essie B. Harmon.
The purposes of the Petition to Intervene were, as stated therein: “to protect his fee for services rendered under his contract of employment,” to get the court to “determine what is a reasonable fee for his services” under Section 975, Mississippi Code 1942 Annotated, and to secure the payment of his fee by fixing a lien on all the lands described in the bill of complaint, except the portion owned by defendant Arlee Brown, non compos mentis.
The petitioner prayed in the alternative that the court secure the payment of his fee by fixing a lien against the undivided one-tenth interest of his client, the complainant, only.
After a hearing on the petition, the court, on October 11, 1966, entered a decree, in part, as follows:
“ * * * and the Court having heard and considered the same, being fully advised in the premises, is of the opinion that the prayer of the Petition be and the same is, hereby, denied:
“IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Petitioner, J. A. White be and he is, hereby, denied permission to intervene in this cause, and the Court is without authority to fix a fee in this cause for the Complainant’s Solicitor in view of the Complainant desiring to withdraw her Bill for Partition after agreement with the Defendants or some of them, nor is the Court empowered to make such a fee a lien upon the lands of any of the parties.”
The appellant assigned three grounds of error, namely, that the chancellor erred: (1) in denying the appellant the right to intervene, (2) in dismissing his petition without adjudicating a solicitor’s fee to him, and (3) in not adjudicating and decreeing a reasonable solicitor’s fee to the appellant.
On August 20, 1966, the appellant, as solicitor for the Complainant, Essie B. Harmon, filed a bill of complaint for partition of 358 acres of land in Attala County, Mississippi, but only described 260 acres. The only allegation of heirship was the following:
“That the Complainant and the Defendants are all of the heirs of the late Sam Brown entitled to share and participate in said lands under the statutes of descent and distribution of the State of Mississippi.”
After making this very scant and general allegation the appellant listed the undivided interests of the named defendants; ranging from an undivided one-tenth interest to an undivided one-seventieth interest.
The summons to nonresident defendants as reproduced in the record does not contain street addresses and post office addresses, even though such addresses were set forth in the bill of complaint. One of *442 the most important duties and responsibilities devolving upon the solicitor for the complainant in a partition suit is to see that summons for nonresident defendants are legally correct and complete. These defects and deficiencies are mentioned merely to show that the original bill of complaint would have to be amended and summons corrected and republished before the chancellor could render any relief.
Sections 960 through 982, Mississippi Code 1942 Annotated, constitute the statutory authority for the partition of lands in kind or sale for the division of proceeds. The mechanics of partition or sale are set forth in great detail. After covering everything else, the legislature, in Section 975, supra, provided for the allowance of a solicitor’s fee in certain cases, in these words:
“In all cases of the partition or sale of property for division of proceeds, the court may allow a reasonable solicitor’s fee to the solicitor or the complainant, to be taxed as a common charge on all the interests, and to be paid out of the proceeds in case of a sale, and to be a lien on the several parts in case of partition.” (emphasis added)
This section is the chancellor’s only authority for allowing a fee and securing its payment by fixing “a lien on the several parts in case of partition.” His authority is circumscribed and limited to those cases where a partition in kind or a sale for division of proceeds has been completed and approved by the court. Some benefits must have accrued to all the owners before a solicitor’s fee can be allowed and taxed as a common charge on all the interests.
In the early case of Hoffman et al. v. Smith et al., 61 Miss. 544, 547-548 (1884), the Court reasoned out the meaning of Section 975 when it said:
“Section 2577 of the Code of 1880 confers authority on the court to allow a reasonable solicitor’s fee to the solicitor of the complainant in partition suits, to be taxed as a common charge on all the interests. ‘It is intended to confer power on the court to make the common property bear the cost of partition made for the good of all by allowing a solicitor’s fee for instituting and conducting the proceedings, without which partition or sale would not have been made.’ Potts v. Gray, 60 Miss. 57. It gives the court discretion to be exercised to effect justice by imposing the reasonable cost of a common benefit on all who share it. It is designed particularly for cases in which some of the owners in common of land proceed for partition, and the proceeding, not resisted by others, is conducted by the solicitor of the complainant without any other solicitor being engaged in the cause. But it is not limited to those. The power to allow a reasonable solicitor’s fee exists ‘in all cases of the partition or sale of property for division of proceeds.’ It should be exercised with caution, and be confined as nearly as possible to the class of cases for which it was designed, i. e., those in which there is no contest between the parties to the suit, and, therefore, no necessity for the defendants to have counsel of their own. If there is controversy between the parties and propriety in the defendants being represented in the cause by their own counsel, they should not be required to contribute to pay the counsel of their adversary and who antagonized their interest in the suit. To allow a fee to the solicitor of the complainant in such a state of case is an abuse of the discretion conferred by the statute. In this case partition or sale of the land was sought by those owning little more than half of the interests. It was resisted and the defendants were represented by their own counsel. There was a real contest between the parties, who disputed as to the right to have partition or sale of the land. The contest appears to have been waged in good faith on the part of the defend *443 ants. In such case it is not proper to allow as a common charge a fee to the solicitor of the complainant, and the court erred in doing it. * * * The statute should not he permitted to he abused. The discretion it confers should be employed to make the common property hear the burden of a common benefit enuring to all the owners who had no fust occasion to have their own counsel in the case." (emphasis added)
Over the years this Court has consistently adhered to this interpretation of Section 975-, the latest pronouncement being in Dailey v. Houston et al., 246 Miss. 667, 684-685, 151 So.2d 919, 927 (1963), wherein the Court said:
“This statute was intended primarily to give a fee to the solicitor who conducts the suit without resistance. Where there is a real controversy, and it is proper for defendants to be represented by counsel of their own choosing, the fee permitted by section 975, to be taxed as a common charge upon all of the interests, should not be allowed.” (emphasis added)
Appellant’s petition to intervene, shows on its face that on September 20, 1966, his client, Essie B. Harmon, together with some of the defendants, came to his office and stated that they had reached an agreement as to the dividing of the lands of their ancestor, and the complainant stated at that time that she desired to withdraw her bill for partition. The complainant and the defendants with her on this occasion asked what the fee of the appellant would be for services rendered thus far. The appellant, J. A. White, explained that the fee had pot been agreed upon because it was to be fixed by the court under the provisions of Section 975, supra. When the complainant and defendants insisted on appellant’s naming a fee, he stated that in his opinion a fee of $1,000.00 would be reasonable, but that the fixing of the fee under the contract of employment was for the court.
It was, therefore, apparent on the face of the record that: (1) The original bill of complaint for partition was fatally defective, (2) The partition or sale had not been completed, (3) No benefits had been provided to any owner, and (4) The complainant, in whose behalf the bill was filed, desired to dismiss it.
 The appellant prayed in the alternative that “the Court make the fee a lien in favor of the Petitioner against the interest of the Complainant,” who was his client. The statute was not intended to cover, .and does not cover, the awarding of a fee and the fixing of a lien on the interest of a complainant alone in a partition suit. The statute was not intended to cover, and does not cover, a situation where all that was done was the filing of a bill of complaint, and the Complainant desired to dismiss that bill of complaint:
The intent of the legislature was to give the court the option, in its sound discretion, of allowing a reasonable solicitor’s fee to the solicitor for the complainant only after a partition in kind had been completed, or a sale of the property for division of the proceeds had been consummated, for the benefit of all the owners. Then, and then only, could the court allow a fee and tax it as a common charge on all the interests.
The court was entirely correct in denying the petition to intervene and in ruling that it did not have jurisdiction, under Section 975, to grant the relief prayed for, and its judgment is, therefore, affirmed.
Affirmed.
ETHRIDGE, C. J., and PATTERSON, INZER, and SMITH, JJ., concur.