INZER, Justice;
This is an appeal by Frank C. Romberger, Sr. from a decree of the Chancery Court of Yalobusha County wherein that court granted appellee, Mrs. Mary Gore Romberger, a divorce from appellant and the exclusive use of the homestead property owned by the parties as tenants in common.
*749 Appellant instituted these proceedings by filing a bill for a divorce from his wife on the ground of habitual cruel and inhuman treatment. He incorporated in this divorce bill a petition for the partition of the homestead property owned by him and his wife as tenants in common. Mrs. Romberger’s answer to the bill denied that the appellant was entitled to any relief thereunder and by means of a cross bill she sought a divorce from him on the grounds of habitual cruel and inhuman treatment and habitual drunkenness. She alleged that although the deed to the homestead property was in the name of both parties that she was entitled to have the court decree that she was the owner of the same. It was also alleged that appellant had threatened to do her bodily harm and that she was entitled to have him enjoined from interfering with or molesting her. The cross-bill prayed that she be granted a divorce, that she be declared the sole owner of the homestead, and that an injunction issue.
The chancellor, after hearing and considering the evidence rendered an opinion wherein he said among other things:
No good reason exists for the detailing herein of the unfortunate occurrences between these parties, who, after long years of married life brought their marital differences to the court to be resolved.
It is the Court’s view that Mr. Romber-ger’s prayer for divorce is not sustained by the entire record and should be denied. The Court further finds and concludes that Mrs. Romgerger is, from the entire record, entitled to a divorce on the ground of habitual cruel and inhuman treatment. The Court understands Mr. Romberger’s Solicitor’s agreement to and concurrence with these findings. Decree to be entered will grant to her the divorce.
The propriety of partitioning the real estate as sought by Mr. Romberger or adjudging the title in Mrs. Romberger as sought by her affords the Court much difficulty.
As Mrs. Romberger was adducing testimony in support of her claim, Mr. Rom-berger strenuously objected, and the Court reserved ruling. The objections are overruled.
The record shows that the realty had belonged to Mrs. Romberger’s parents, then to her brother, and that he conveyed the real estate to the parties for less than all he had in it, on account of Mrs. Rom-berger. It was at her insistence that the title was put in the names of both. He wanted it that way, and she felt it would be an incentive to him to take an interest in the wellbeing and prosperity of their union. After the purchase, they made substantial renovations to the home, using money that had come from a sale of what had been Mr. Romberger’s mother’s property and the record causes the Court to conclude that the consideration of the purchase came therefrom also.
The Court, under the circumstances appearing in the record, cannot find that the transaction did, or was intended to create any status except that of a tenancy in common, and the Court concludes that the parties are tenants in common thereof (Sec. 834, Code of 1942).
The parties’ Solicitors were able to cite no Mississippi decision directly bearing upon the propriety of partition in a case such as this, and the Court’s research has been equally fruitless. It would appear that, if there exist no considerations causing the Court to award to Mrs. Romber-ger occupancy of the premises following divorce, then partition is proper, the homestead right being ended by the divorce decree. (See various Annotations appearing at 36 A.L.K. [sic], p. 431, et seq.; and at 97 A.L.K. [sic], p. 1095, et seq.)
Under the circumstances clearly reflected by the testimony, the Court considers it proper, as it may do under the prayer in the Cross Bill, to award to Mrs. Romberger the right to use and occupy the real estate so long as she remains a *750 widow, or until the earlier further Orders of the Court, and she is also awarded the possession and use of the personal property in the residence during her widowhood, or until such earlier further Orders of the Court. Mr. Romberger will be enjoined from threatening, molesting or interfering with her occupancy and use of the realty and personalty herein awarded to her occupancy and use.
Appellant does not question that part of the decree which granted appellee a divorce, but he urges that the trial court was in error in granting appellee the exclusive use of the homestead and in dismissing the original bill to partition the property. The principal question to be determined is whether the court was in error in granting appellee the right to use and occupy the homestead as long as she lives or remains unmarried.
Appellant urges that since appel-lee did not seek alimony that the court was in error in granting her the use of the homestead property. However, the allegations of the bill are sufficient to support the decree of the court awarding appellee the use of the property. The effect of the chancellor’s finding is that she was not entitled to the full relief prayed for in regard to the homestead, but she was entitled to a part of the relief. That is, she was entitled to use the premises. Appellant takes the position that when the court granted appel-lee a divorce, that the court then should have sustained that part of the original bill which sought to have the homestead property partitioned. Assuming that it was proper pleading to incorporate a petition for partition of property in a divorce bill, the homestead property was not subject to partition só long as the marriage relationship existed between the parties and it was occupied by the appellee. In order for the appellant to be entitled to have the property partitioned under his original bill, he would first be required to show that he was entitled to a divorce. Having failed to do so, he was not entitled to any relief and the court properly dismissed his original bill.
The court after considering the cross bill, found that appellee had sustained the allegation of her cross bill on the divorce issue and that she was entitled to a divorce on the ground of habitual cruel and inhuman treatment. The court correctly found that appellee was not entitled to a decree declaring her to be the owner of the homestead but he did find that, from the facts, she was' entitled to the use and occupancy of the property. This action of the trial court was justified from the evidence in the case. The evidence clearly established that the appellant, although 72 years of age, had become infatuated with another woman and it was his desire not only to put aside his wife who had worked for many years to help support and educate their two children, but also to dispossess her from the homestead by forcing a sale of the property.
Appellant also contends that the effect of the decree as rendered by the court was to divest him of his title to the property. He seems to be offended by a statement of the chancellor that the appellee was entitled to use the property during her widowhood. He seems to feel that by the use of the term “widowhood,” the court declared him to be legally dead. We are sure that the chancellor did not so intend to hold and in fact did not so hold. It is true that one of the definitions of the word “widow” as defined in Webster, New International Dictionary (3rd ed., 1961) is “a woman who has lost her husband by death.” The same work states that a woman who is divorced from her husband is a “grass widow”, this is evidently the type of widowhood that the chancellor had in mind. In any event the action of the chancellor did not divest appellant of his title to his one-half interest in the homestead. He has the right to dispose of his interest as he may see fit, but of course, subject to the right of appellee to occupy and use it so long as she lives and remains single, or until further orders of the court.
We hold that under the facts and circumstances of this case the court was not in error in granting appellee the exclusive use of the homestead property and enjoining ap *751 pellant from molesting her. A careful review of the record convinces us that the decree did not result in a miscarriage of justice, but instead rendered equity and justice. Therefore the decree of the chancery court should be, and is, affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES, and BRADY, JJ., concur.