350 So.2d 44 (1977)
Helen B. BLACKMON
v.
Edward H. BLACKMON.
No. 49590.
Supreme Court of Mississippi.
September 21, 1977.
*45 Ramsey, Bodron, Thames & Robinson, Lee Davis Thames, Vicksburg, for appellant.
Loyacono & Field, R. Louis Field, Vicksburg, for appellee.
Before SMITH, P.J., BROOM and LEE, JJ., and SULLIVAN, C.
MICHAEL SULLIVAN, Commissioner for the Court:[1]
Appellant, Helen B. Blackmon, filed a petition for partition in the Chancery Court of Warren County, Mississippi, against her former husband, Edward H. Blackmon. The property sought to be partited was residential, and appellant had been awarded exclusive use and occupancy of the house in the decree of divorce between these same parties. The appellee resisted the partition suit, although his pleadings admit the land was not subject to partition in kind. The chancellor dismissed the bill at the cost of the appellant and with prejudice.
Appellant's first assignment of error is that the prior decree of divorce granting the appellant exclusive use of the house did not create a property right in the appellant that would defeat her own partition action. With this proposition we must concur. The position of the appellee that Mrs. Blackmon's right to exclusive occupancy defeated her statutory right to partition, however appealing, is without merit. These parties were tenants in common, and appellant was the tenant in possession. The partition of land in this state is governed by Mississippi Code Annotated, Section 11-21-3 (1972) which provides:
§ 11-21-3. Partition by decree of chancery court.
Partition of land held by joint tenants, tenants in common, or coparceners, having an estate in possession or a right of possession and not in reversion or remainder, whether the joint interest be in the freehold or in a term of years not less than five, may be made by decree of the chancery court of that county in which the lands or some part thereof, are situated; or, if the lands be held by devise or descent, the division may be ordered by the chancery court of the county in which the will was probated or letters of administration granted, although none of the lands be in that county.
However, any person owning an indefeasible fee simple title to an undivided interest in land may procure a partition of said land and have the interest of such person set apart in fee simple free from the claims of life or other tenants, remaindermen or reversioners, provided the life or other tenants, and other known living persons having an interest in the lands, are made defendants if they do not join in the proceeding as complainants or petitioners.
Mrs. Blackmon, as a tenant in common before the divorce with an undivided one-half interest in the property, has the same status following the divorce. Clearly she comes within the purview of § 11-21-3.
*46 In Mississippi it is well settled that a dissolution of a marriage by divorce does not, of itself, affect title of the respective parties to real estate owned by them. Miller v. Miller, 298 So.2d 704 (Miss. 1974). It is clear that Mrs. Blackmon received no property right by virtue of the divorce decree which could defeat a partition suit. The appellee concedes that the case law in our state supports the appellant's view but distinguishes the present case on the basis that there was no in depth examination as to the best interest of the minor children or any material change of circumstances by which the divorce decree could be modified. We concede that the appellant could have sought to partite the homestead by filing a petition to modify the decree. However, she elected not to do so and to exercise her statutory right to a separate suit to partite. In Lynch v. Lynch, 196 Miss. 276, 17 So.2d 195 (1944), this Court held that all that was necessary for a partition is that the parties be co-tenants of whatever is to be partitioned. In Barnes v. Rogers, 206 Miss. 887, 893, 41 So.2d 58, 60 (1949) it is stated:
Possession, or the right of possession, in the tenants in common gives an absolute and unconditional right to partition however inconvenient it may be to make.
We are of the opinion that appellant had the right to bring the suit for partition and that the denial of such right on the ground that the divorce decree had created a separate property right was error.
Appellant secondly contends that the divorce decree did not create a homestead right in the appellant or appellee which would defeat the partition action. Mississippi Code Annotated, Section 85-3-21 (1972) states:
§ 85-3-21. Homestead exemption  land and buildings.
Every citizen of this state, male or female, being a householder, and having a family, shall be entitled to hold exempt from seizure or sale, under execution or attachment, the land and buildings owned and occupied as a residence by him, or her, but the quantity of land shall not exceed one hundred and sixty acres, nor the value thereof, inclusive of improvements, save as hereinafter provided, the sum of fifteen thousand dollars ($15,000.00); provided, however, that in determining this value, existing encumbrances on such land and buildings, including taxes and all other liens, shall first be deducted from the actual value of such land and buildings. But husband or wife, widower or widow over sixty years of age, who has been an exemptionist under this section, shall not be deprived of such exemption because of not having family or not occupying the homestead.
Mississippi Code Annotated, Section 27-33-3 (1972) provides, in part:
§ 27-33-3. Homestead exemptions.
To recognize and give effect to the principle of tax-free homes as a public policy in Mississippi, to encourage home building and ownership, and to give additional security to family groups, it is hereby declared that homes legally assessed on the land roll, owned and actually occupied as a home by bona fide residents of this state, who are heads of families, shall be exempt from the ad valorem taxes herein enumerated, or not in excess of five thousand dollars of the assessed value thereof, including an area of land not in excess of that specified hereinafter in this article. The exemption from taxes shall be limited ...
To be qualified for homestead in Mississippi, one must be a citizen, reside on the property and have a family. There are exceptions to the rule, as mentioned in the statute, but none apply here. Prior to the divorce, Mr. Blackmon resided in the home with his family and held homestead exemption thereto. Following the divorce, he neither lived on the property nor did he have a spouse living there. There is no evidence that he has even attempted to file for homestead exemption on the property. In May v. May, 229 Miss. 97, 90 So.2d 169 (1956), this Court held that where the husband lost his right to occupy the premises, he lost his homestead right, also. Therefore, it is clear that Mr. Blackmon held no homestead exemption on the property *47 which could be used to defeat the partition action. The record indicates that following the divorce Mrs. Blackmon filed for the exemption in her own name, and it was granted.
The divorce decree did not create the homestead right in Mrs. Blackmon because she already had a homestead right in the property. Therefore, the divorce decree created no homestead right that would prevent a partition of the property under the governing statutes and the facts in evidence in this case.
Appellant's third proposition is that the existence of homestead rights in one co-tenant does not defeat the right of partition by the other co-tenant. Discussion of this assignment of error is closely related to Assignment No. 2. The right to partition pursuant to Mississippi Code Annotated, Section 11-21-3 (1972), makes no mention of homestead. The only existing statute which refers to both the homestead and partition is Mississippi Code Annotated, Section 91-1-23 (1972), which provides:
§ 91-1-23. Exempt property not to be partitioned in certain cases.
Where a decedent leaves a widow to whom, with others, his exempt property, real and personal, descends, the same shall not be subject to partition or sale for partition during her widowhood as long as it is occupied or used by the widow, unless she consent. Likewise, where a decedent leaves a widower to whom, with others, her exempt property, real and personal, descends, the same shall not be subject to partition or sale for partition during the period of his being a widower as long as it is occupied or used by the widower, unless he consent.
This code section is obviously inapplicable because neither appellant nor appellee is deceased. Absent any contrary authority, the sound rule is that Mr. and Mrs. Blackmon are merely unmarried tenants in common, and under the statute a partition sale should be ordered. The existence of homestead rights, if any, in appellant is irrelevant in this case, since she waived them by bringing the suit for partition sale.
The appellant also argues that she should have been allowed a solicitor's fee to be made a charge against the property. We cannot agree. Mississippi Code Annotated, Section 11-21-31 (1972), provides, among other things:
In all cases of the partition or sale of property for division of proceeds, the court may allow a reasonable solicitor's fee to the solicitor or the complainant, to be taxed as a common charge ... (Emphasis added).
The appellant's contention that appellee here had no real defense to the partition action and that no controversy existed has no merit. The case law interpreting § 11-21-31 clearly directs the opposite result. In Dailey v. Houston, 246 Miss. 667, 684-5, 151 So.2d 919, 927 (1963), the Court held:
This statute was intended primarily to give a fee to the solicitor who conducts the suit without resistance. Where there is a real controversy, and it is proper for defendants to be represented by counsel of their own choosing, the fee permitted by section 975 [now Section 11-21-31], to be taxed as a common charge upon all of the interests, should not be allowed. This is especially so where, as here, a defendant is successful in part, by preserving some of his claims, through his own initiative and the efforts of his own counsel.
See also Billingsley v. Billingsley, 114 Miss. 702, 75 So. 547 (1917); Hardy v. Richards, 103 Miss. 548, 60 So. 643 (1912); Hoffman v. Smith, 61 Miss. 544 (1884).
In Brower v. Rosenbaum & Little, 125 Miss. 87, 91, 87 So. 130, 131 (1921), the Court held:
In the case at bar there was a real contest as to whether or not the complainants were the co-owners of the timber with the Browers, and whether or not they were entitled to maintain the suit. The defendants the Browers contested this title in good faith, and resisted a sale of the timber for a division of the proceeds. This being true, the court below erred in making this fee a common charge upon the entire proceeds derived *48 from the sale of the timber. (emphasis added).
In addition, this Court has held in White v. Brown, 204 So.2d 440 (Miss. 1967), that the court cannot award attorneys fees under the statute until partition in kind or sale for division of proceeds has been completed and approved by the court.
Further, applying § 11-21-31, the Court finds that the statute is not mandatory but discretionary, and the express language is "the Court may allow a reasonable solicitor's fee to the solicitor or the complainant". We cannot say from the record that the denial of attorneys fees to be taxed as a common charge on all of the interests and paid out of the proceeds in the case of a sale was an abuse of discretion on the part of the chancellor.
For the reasons set forth above, the petition for partition or sale should not have been dismissed, and the judgment of the court below is reversed and judgment entered here to allow partition. The cause is remanded with direction to hold the sale not inconsistent with the direction of this opinion. While we affirm the chancellor on his denial of attorneys fees, at the conclusion of the sale he may, in his discretion, consider whether such fees should be allowed.
REVERSED AND REMANDED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the court.