386 So.2d 722 (1980)
Barbara Lott WELBORN
v.
James Webb WELBORN and Edwin B. Watkins, Trustee for and on Behalf of the Veterans' Farm and Home Board of the State of Mississippi.
No. 52088.
Supreme Court of Mississippi.
August 6, 1980.
Binder & Moore, Russel D. Moore, III, Jackson, for appellant.
King & Spencer, Robert W. King, Jackson, for appellees.
Before SMITH, P.J., and SUGG and COFER, JJ.
*723 SMITH, Presiding Justice, for the Court.
Barbara Lott Welborn appeals from a decree of the Chancery Court of Hinds County dismissing her petition for partition of certain real estate which she and her former husband, James Webb Welborn, own as joint tenants, with the right of survivorship.
In March, 1978, Barbara Lott Welborn was granted a divorce from her then husband, James Webb Welborn, was awarded custody of the minor child born of the marriage together with alimony to continue for 24 months or until she should find gainful employment.
The property, sought to be partitioned and which is the subject of this suit, consists of approximately 75 acres and is encumbered by a mortgage securing an indebtedness to the Veterans' Farm And Home Board of Mississippi. It was jointly owned by the parties prior to the divorce. The divorce decree directed, in addition to alimony, that James Webb Welborn pay the monthly installments of the mortgage debt and taxes, and further provided that he pay his former wife $1,000.00 for her attorney's fee in the divorce suit.
In the divorce decree the chancellor ordered that Barbara Lott Welborn should have the exclusive use and occupancy of the former "marital dwelling and yard," and that appellee, James Webb Welborn, "except for her (appellant's) ingress and egress," should have the exclusive use and occupancy of "pastures, farmlands and buildings" of the said 75 acre tract.
In April, 1979, Barbara Lott Welborn filed the petition for a partition of said land, either in kind or by sale and division of the proceeds, as provided by Mississippi Code Annotated section 11-21-3 (1972), which gave rise to the present litigation.
James Webb Welborn did not answer but moved to dismiss the petition upon the grounds (1) the divorce decree "settled the rights of the parties with respect to the use and occupancy" of the property, and (2) he resided on the property and "obtained homestead exemption" on it (from certain taxes) as shown by a copy of his application therefor attached to the motion. Also attached to the motion was a copy of the divorce decree.
The chancellor, apparently without hearing testimony, sustained the motion and dismissed appellant's petition upon the grounds that movant was occupying the jointly owned property as his homestead and that a partition would defeat the rights granted to him under the divorce decree as well as his homestead rights.
Mississippi Code Annotated section 11-21-3 (1972) is as follows:
Partition of land held by joint tenants, tenants in common, or co-parceners, having an estate in possession or a right of possession and not in reversion or remainder, whether the joint interest be in the freehold or in a term of years not less than five, may be made by decree of the chancery court of that county in which the lands or some part thereof, are situated, or, if the lands be held by devise or descent, the division may be ordered by the chancery court of the county in which the will was probated or letters of administration granted, although none of the lands be in that county.
However, any person owning an indefeasible fee simple title to an undivided interest in land may procure a partition of said land and have the interest of such person set apart in fee simple free from the claims of life or other tenants, remaindermen or reversioners, provided the life or other tenants, and other known living persons having an interest in the lands, are made defendants if they do not join in the proceeding as complainants or petitioners. (Emphasis added)
Mississippi Code Annotated section 27-33-3 (1972), which provides for the exemption of homesteads from certain taxes does not affect the right of a cotenant or tenant in common to partite property commonly or jointly owned.
Section 91-1-23 appears to be the only section relating to partition as it affects an exempt homestead, and provides:

*724 Where a decedent leaves a widow to whom, with others, his exempt property, real and personal, descends, the same shall not be subject to partition or sale for partition during her widowhood as long as it is occupied or used by the widow, unless she consent. Likewise, where a decedent leaves a widower to whom, with others, her exempt property, real and personal, descends, the same shall not be subject to partition or sale for partition during the period of his being a widower as long as it is occupied or used by the widower, unless he consent. [Mississippi Code Annotated § 91-1-23 (1972)].
Since both parties are living the above statute has no application in the present case.
Counsel for appellant cite Blackmon v. Blackmon, 350 So.2d 44 (Miss. 1977).
In that case Mr. and Mrs. Blackmon already owned certain real property as tenants in common when she was granted a divorce from him. Prior to the divorce they had resided on the property and had obtained a tax exemption on the basis that it was their homestead. The divorce decree awarded Mrs. Blackmon exclusive use of the marital dwelling. Afterward, Mrs. Blackmon filed a petition for partition of what had been their homestead property. The chancellor dismissed the petition and Mrs. Blackmon appealed. This Court reversed and remanded the case with directions to proceed with the partition, saying:

Mrs. Blackmon, as a tenant in common before the divorce with an undivided one-half interest in the property, has the same status following the divorce. Clearly she comes within the purview of § 11-21-3. (Emphasis added).
(350 So.2d at 45).
The Court said:

Appellant's third proposition is that the existence of homestead rights in one cotenant does not defeat the right of partition by the other co-tenant. Discussion of this assignment of error is closely related to Assignment No. 2. The right to partition pursuant to Mississippi Code Annotated, Section 11-21-3 (1972), makes no mention of homestead. ... (Emphasis added).
(350 So.2d at 47).
In Blackmon, supra, this Court rejected Mr. Blackmon's contentions in the following language:
The position of the appellee that Mrs. Blackmon's right to exclusive occupancy defeated her statutory right to partition, however appealing, is without merit ...
(350 So.2d at 45).
The chancellor was in error as to the first ground assigned as a basis for sustaining the motion to dismiss the petition for partition, to the effect that James Webb Welborn had obtained homestead exemption which barred partition, and also was in error as to the second ground for dismissal that "partition of the property would serve to defeat certain rights granted him (appellee) under terms" in the divorce decree.
The divorce decree had provided that Barbara Lott Welborn should occupy the dwelling and have custody of the minor child born of the marriage, with alimony for 24 months or until she became gainfully employed. This was a reasonable and proper provision under the circumstances for the wife and child. The decree also provided that James Webb Welborn should have the right to occupy and farm a portion of the property, not described but apparently consisting of all except the dwelling house and yard and right of way for ingress and egress to and from the same. Patently the decree made no attempt to grant to either party an estate for life or for years or any other estate or title in derogation or diminution of the title already vested in them respectively as joint tenants; such title already was firmly and indefeasibly vested in Barbara Lott Welborn and James Webb Welborn, and the provision in the divorce decree that James Webb Welborn might farm a portion of the land was ineffectual to deprive her of her vested interest or to restrict the exercise of her rights with respect to the same.
*725 In appellee's "Statement of the Case" it is asserted, (dehors the record, but not disputed by appellant), that Barbara Lott Welborn no longer occupies the dwelling but has moved to Hancock County where she now resides.
James Webb Welborn's rights to the use of the common or jointly owned property are well established in law. The circumstances of the present case are not such as to require Barbara Lott Welborn, as the injured party in the divorce suit, to occupy the former dwelling permanently or indefinitely or to forfeit rights vested in her as joint tenant. Under the divorce decree James Webb Welborn acquired no permanent right, title, interest or estate in the property or to the indefinite or permanent use thereof to the exclusion or in derogation of the right, title, estate and interest of the other joint tenant, Barbara Lott Welborn.
In Bunkley and Morse's Amis On Divorce And Separation In Mississippi section 6.06 (1957), appears this statement:
The Supreme Court has held that the chancellor cannot, simply by decree or judicial fiat, divest real property out of the husband and invest it in the wife... . [B]ut the court cannot by its order or decree divest out of one and invest in the other.
The provision for the wife and child to occupy the former home must be considered as a temporary measure for their protection following the divorce, as was the award of alimony for 24 months or until Mrs. Welborn became gainfully employed. The provision that she and the child should have the privilege of occupying the house and yard was reasonable under the circumstances at the time. She was before that, and is now, a joint tenant with the right of possession. She has elected to move elsewhere and to ask for a partition of the property. She is entitled to have it under the statute. In effecting a partition James Webb Welborn will be deprived of nothing to which he is entitled. He will share in the value of the entire estate, the dwelling and yard as well as the farmland.
It was error to enter a decree sustaining the motion to dismiss the petition for partition. The decree appealed from is therefore reversed and the case remanded with directions that the petition be reinstated and that proceedings for the partition of the land proceed as provided by statute.
REVERSED AND REMANDED WITH DIRECTIONS.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.