498 So.2d 334 (1986)
Ira L. TRIGG
v.
Viola B. TRIGG.
No. 57098.
Supreme Court of Mississippi.
November 12, 1986.
Don A. McGraw, Jr., Danny L. Crotwell, Montgomery, Smith-Vaniz & McGraw, Canton, for appellant.
John W. Christopher, Canton, for appellee.
*335 Before PRATHER, ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the Court:

I.
This appeal presents the question whether one joint tenant may maintain a partition action where her co-tenant is her husband from whom she is separated but not divorced and where her co-tenant husband claims homestead exemption with respect to property sought to be partited. Notwithstanding strong arguments based in principle and policy, we find the question answerable by reference to several statutory enactments of our legislature  and answerable in the affirmative.

II.
Viola B. Trigg and Ira L. Trigg were married in 1950. In recent years they lived in Madison County, Mississippi, and resided there in June of 1983 when they separated. Viola B. Trigg, Plaintiff below and Appellee here, is at this time 69 years of age. Ira L. Trigg, Defendant below and Appellant here, is 70 years old.
On December 17, 1978, Viola and Ira acquired a residence at 340 Monroe Street in Canton, Mississippi. The warranty deed, effecting the conveyance of title to the Triggs, provides that they own this property "as joint tenants with full right of survivorship and not as tenants in common." This property served as the homestead of the parties until the June 1983 separation. At that time Viola Trigg moved out and established her separate residence, also in Canton, Mississippi. Ira Trigg has continued to reside at 340 Monroe Street and has continued to claim it as his homestead with the tax assessor of Madison County.
On June 25, 1984, Viola Trigg initiated the present civil proceedings by filing in the Chancery Court of Madison County, Mississippi, her complaint to partition the Monroe Street property. Viola claimed that this property was not subject to partition in kind and asked the court to direct a sale of the property and a distribution of the proceeds between the parties. Ira Trigg answered denying the material allegations of the complaint and asserting affirmatively that a partition action does not lie between husband and wife where one party still resides in the premises and claims it as his or her homestead.
After a hearing on the merits the Chancery Court on May 24, 1985, rejected this defense and proceeded to find that Viola was entitled to partition and that the property should be sold subject to an "equitable distribution of the proceeds between the parties according to statutes." On August 30, 1985, the Chancery Court entered an order carrying into effect this ruling. It is from this latter order that the present appeal has been taken.

III.
Miss. Code Ann. 11-21-3 (1972) authorizes partition of lands held by joint tenants. The Triggs are joint tenants within the meaning of this statute. They agree that the sole question presented upon this appeal is whether the facts that they remain lawfully married to one another, that Ira Trigg continues to reside in the residence and that Ira claims homestead exemption with respect to it, operates to bar Viola Trigg's maintenance of this partition action.
Following divorce our law recognizes the right of a co-tenant who is an ex-spouse to claim the benefits and rights afforded by Section 11-21-3, the partition statute. Welborn v. Welborn, 386 So.2d 722 (Miss. 1980); Blackmon v. Blackmon, 350 So.2d 44 (Miss. 1977). This is so even though the defendant in the partition action, ex-spouse though he or she be, continued to reside in the property and claim homestead exemption with respect to it. In Welborn we stated:
Miss. Code Ann. § 27-33-3 (1972) which provides for the exemption of homesteads for certain taxes, does not affect the right of a co-tenant or tenant in common to partite property commonly or jointly owned.
Ira Trigg cites May v. May, 229 Miss. 97, 90 So.2d 169 (1956), which, on arguably distinguishable facts, states

*336 So long as they continued to be husband and wife, the appellant was entitled to occupy the property as a homestead, 90 So.2d at 171.
Ira further directs our attention to Romberger v. Romberger, 208 So.2d 748 (Miss. 1968) where we find the arguably inadvertent statement that
The homestead property was not subject to partition so long as the marriage relationship existed between the parties and it was occupied by the appellee [the wife].
208 So.2d at 750.
The prospect of one spouse leaving the homestead and without termination of the marital relationship forcing the other who remains in the homestead to a partition sale is not without its capacity to disturb us. Two enactments of our legislature, however, possess the legal power to overcome any appeals to the importance of the marital relationship, the hardship visited upon the spouse objecting to partition who is forced to vacate the homestead, or other notions of principle or policy.
First, the general partition statute couldn't be much clearer. Section 11-21-3 authorizes partition between parties who hold as joint tenants, as do the Triggs. Welborn holds that the fact that the defendant in partition continues to claim homestead exemption offers no defense to the partition action.
Any effort by the defendant in partition on these facts to claim exemption from Section 11-21-3 runs headlong into the language and policy of our Married Women's Act. Miss. Code Ann. §§ 93-3-1, -3 (1972). The first of these sections, § 93-3-1, provides that a married woman may hold property the same as any other person and that she may "sue and be sued, with all of the rights and liabilities incident thereto, as if she were not married". To remove any doubt that the statute means what it says and that it applies in cases such as this, Section 93-3-3 provides "husband and wife may sue each other." Whatever may be left of interspousal immunity in the tort field, Section 93-3-3 has interred it forever with respect to property rights. Tobias v. Tobias, 225 Miss. 392, 397, 83 So.2d 638, 639 (1955).
Ira nevertheless argues that there is both law and public policy in this state to the effect that one spouse should not be allowed to convey the homestead property without the consent of the other. Miss. Code Ann. § 89-1-29 (1972); Scott v. Scott, 73 Miss. 575, 19 So. 589 (1896). Ira argues that Viola's partition suit seeks to do precisely that; that is, by acknowledging that the property is not subject to partition in kind and asking the Court to order a sale and equitable distribution of the proceeds, Viola will accomplish in fact that which she is prohibited to her by Section 89-1-29 in the Scott case. Ira is, of course, correct. The problem with his point, however, is that a combined reading of two other statutes, Section 11-21-3 and Sections 93-3-1 and -3 say that Viola can do what she is doing, in effect creating an exception to the rule Ira invokes.
Our decision this day is predicated upon our understanding of the several statutes. We are not insensitive to the facts before us which reflect that Viola has in her care and custody the six year old adopted child. Being 69 years old herself and retired, Viola's financial resources with which to provide for this child are modest to say the least. That she should be allowed access to her interest in the residence in liquid form is certainly an end to be sought if it be allowable within our law. As explained above, we find it so allowable.
The order of August 30, 1985, is affirmed and this case is remanded to the Chancery Court for such further proceedings as may be appropriate.
AFFIRMED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ. and DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.