838 So.2d 295 (2002)
Morine W. MILLER, Appellant,
v.
J.T. MILLER, Appellee.
No. 2001-CA-00840-COA.
Court of Appeals of Mississippi.
July 30, 2002.
Rehearing Denied October 1, 2002.
Certiorari Denied February 13, 2003.
*296 Rhett R. Russell, Tupelo, attorney for appellant.
Gary L. Carnathan, Tupelo, attorney for appellee.
Before McMILLIN, C.J., MYERS, and CHANDLER, JJ.
MYERS, J., for the court.
¶ 1. This is an appeal from the Chancery Court of Itawamba County. Morine W. Miller filed an action to partite the jointly owned property belonging to J.T. Miller and herself. The chancery court dismissed the action ruling that the doctrine of res judicata applied. Morine now appeals raising several issues on appeal. We have chosen to combine them for a more concise review.
1. Whether the lower court erred in concluding that the appellant's petition for partition of jointly held property was barred by the doctrine of res judicata.

2. If so, did the court err in denying appellant's motion for default judgment?

FACTS
¶ 2. J.T. and Morine Miller were married in 1953. In 1998, Morine filed for divorce and sought an equitable division of marital property incident to divorce. The chancellor denied the Millers' divorce in 1999, holding that Morine did not prove the ground claimed in her complaint. Morine did not appeal that decision.
¶ 3. In September of 2000, Morine filed a complaint against J.T. seeking to statutorily partite jointly held property under Mississippi Code Annotated §§ 11-21-3 and 11-21-71 (Supp.2001). On May 16, 2001, the Chancery Court of Itawamba County entered a judgment against Morine holding that she had no right to partite the jointly held property because her divorce *297 action was res judicata to the present action.

STANDARD OF REVIEW
¶ 4. In reviewing a chancellor's findings in a domestic matter, this Court has limited discretion. "This Court will not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous or applied an erroneous legal standard." Sandlin v. Sandlin, 699 So.2d 1198, 1203 (Miss.1997) (quoting Ferguson v. Ferguson, 639 So.2d 921, 930 (Miss.1994)). "We will not reverse a chancellor's findings of fact where they are supported by substantial evidence in the record." Weigand v. Houghton, 730 So.2d 581, 585(¶ 14) (Miss.1999). Courts of review are not to undermine trial court authority by replacing the judgment with its own. Mullins v. Ratcliff, 515 So.2d 1183, 1189 (Miss.1987).

DISCUSSION
¶ 5. A final judgment on the merits bars further claims by parties or their privies based on the same cause of action under the doctrine of res judicata. Four identities must be present for res judicata to apply: (1) identity of the subject matter of the action; (2) identity of the cause of/civil action; (3) identity of the parties to the cause of/civil action; and (4) identity of the quality or character of a person for or against whom the claim is made.[1]Pro-Choice Mississippi v. Fordice, 716 So.2d 645, 665(¶ 70) (Miss.1998), citing Little v. V. & G. Welding Supply, Inc., 704 So.2d 1336, 1338(¶ 9) (Miss.1997). When these four elements are present a party will be barred from relitigating issues decided in a prior action or those that should have been litigated. Dunaway v. W.H. Hopper & Assoc., Inc., 422 So.2d 749, 751 (Miss. 1982).
¶ 6. The chancellor ruled that the four identities of res judicata were met. Parties are precluded from relitigating claims that were decided or could have been raised in a prior action. Baldwin v. Baldwin, 788 So.2d 800, 811(¶ 31) (Miss.Ct. App.2001). He reasoned that the land in question was to be part of a divorce settlement and therefore the same subject matter. In addition, he held that the identity of the civil action, the parties and the identity of the quality or character against whom the claim has been made remains the same.
¶ 7. Morine's assertion is that no division of property incident to divorce could occur when her complaint for divorce was dismissed. She is correct. Where the chancellor denies a divorce, he is without the authority to order a division of the property. Smith v. Smith, 656 So.2d 1143, 1147 (Miss.1995). The chancellor had no authority to equitably divide any property incident to a divorce as none was granted. Morine chose not to appeal the chancellor's decision denying her divorce.
¶ 8. Morine cites Trigg v. Trigg, 498 So.2d 334 (Miss.1986) to support her argument that she should be allowed her statutory right to partite jointly held land. In Trigg the supreme court held that the wife had a statutory right to maintain her action for partition of property jointly held with husband even though they remained husband and wife and the husband still lived on the property and claimed it as his homestead. Id. at 335. Mrs. Trigg never filed for divorce. She moved out and then *298 petitioned the court to statutorily partite the land which was her only attempt to regain control over her property. Id.
¶ 9. In the present situation, Morine lives separately from her husband and wants to partite their jointly held property. Morine's only recourse to recover her property is to file in the chancery court for partition. The identity of the civil action for partition of jointly held property is not tantamount to divorce, thus the second identity required for res judicata is not met.
¶ 10. THE JUDGMENT OF THE CHANCERY COURT OF ITAWAMBA COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.
NOTES
[1] Referring to requirement no. 2, Rule 2 of the Mississippi Rules of Civil procedure provides that there shall be one form of action to be known as "civil action." Comments for Rule 2 state that the purpose of rule 2 is to eliminate the term "cause of action" from the lexicon of Mississippi civil practice.