OSCAR C. GARRETT ET AL. *v.* CAROLINE COLVIN ET AL.

1. PARTITION.　*Estate of decedent.　Tenants in common.　Code* 1892. § 3097.

Partition of land which has descended to the heirs of a decedent as tenants in common, may be had, under code 1892, § 3097, regulating the subject, before the estate of the decedent is fully administered or the debts against it probated or paid.

2. ADVANCEMENTS.　*University education.*

Money placed by a father in the hands of his infant son, with which to obtain a university education, if distinctly intended as an advancement, should be so treated by the courts.

FROM the chancery court of Lauderdale county.

HON. NATHAN C. HILL, Chancellor.

Caroline Colvin and others, appellees, were the complainants in the court below; Garrett and others, appellants, were defendants there. The facts are fully stated in the opinion of the court.

*Miller & Baskin,* for appellants.

The bill was prematurely filed. Why go through the ceremony of partitioning this property before the debts are paid? The bill shows that there are debts to be paid, and that there is not sufficient personal property to pay them. To partition now is idle, because it is manifest that it will hereafter be necessary to apply to the court for a second partition of the property. An orderly administration of the estate should first be made. There should be sufficient time to ascertain the debts due from the estate, and this will require one year, as fixed by the law; after that, whatever remained could be partitioned amongst the heirs. The heirs should wait until the creditors are satisfied before they undertake to divide the property amongst themselves. Let the creditors first be paid, and justice in this way done, then let the heirs distribute what remains amongst themselves, and if they cannot agree upon a distribution or partition, let them apply to the courts. The courts should not grant a useless decree or do a vain thing. In *Saxton* v. *Ames,* 47 Miss., 565, the only Mississippi case cited by appellee, it appeared that the assets in the hands of the administrator were ample to pay all the debts.

The bill shows that the pretended advancements could not have been advancements in law. The facts are stated. The money was placed by the decedent into the hands of his sons, while yet under age, for the purpose of educating them. Money expended by a father in the education of his son is not an advancement. 1 Am. & Eng. Enc. L., 217; *Miller's appe.*, 80 Am. Dec., 555. Surely the special demurrer to that part

of the bill relating to the subject of advancements should have been sustained.

*G. Q. Hall & Son,* for appellees.

Why may not partition of realty be had pending administration? On the death of the owner his real estate descends to his heirs. It is liable to be subjected, it is true, in the specific mode pointed out by statute to the payment of his debts, but until that is done their dominion is perfect and exclusive. They may divide it, lease it, sell it, mortgage it, or do whatever else with it they see proper. And if they may own it, possess and manage it, and dispose of it, why may they not have their joint interest in it set apart in severalty by legal procedure? That they may do so by agreement cannot be doubted; and if so, why may not it be done by order of court? This court, in *Saxon* v. *Ames,* 47 Miss., 565, recognizes the right to partition pending administration. There is nothing in the statute prohibitive thereof, but, on the contrary, § 3097, code 1892, confers the power on the chancery court to make partition of lands among joint tenants, tenants in common, or coparceners, having an estate in possession, or having a right of possession, and it further provides that if the lands be held by devise or descent, division may be ordered by the chancery court in which the will was probated or letters of administration granted. There is no such limitation on the right to partition, or the power of the chancery court, as contended for by appellants. The bill alleges that the payments were intended as advancements by intestate, and the demurrer so admits. In that state of case the court could but overrule the demurrer.

As a general rule money expended in the maintenance and education of a child is not to be deemed an advancement. But if the intention of the parent appear to have been to make an advancement, the expenditure will be so treated. 1 Wait Act. & Def., p. 207, sec. 2; Riddle's Est., 19 Pa. St. R., 431; *Mitchell*

v. *Mitchell,* 8 Ala., 414; *Johnson* v. *Beldon,* 20 Conn., 326; *Cooper* v. *Wray,* 3 Strobh. Eq. (S. C.), 185; 1 Am. & Eng. Enc. L. (2d ed.), 767, note 8, and authorities there cited.

In *State* v. *Stevenson,* 12 Mo., 178, it was held that where elder children had been educated by payments out of the parents' estate and distribution made before the younger ones had such advantage, the payments should be charged against the elder children as advancements.

TERRAL, J., delivered the opinion of the court.

This is a suit for the partition of lands among tenants in common. The parties to the suit are the widow and children of the decedent from whom the estate descended. It appears that the administration of the estate of the decedent is still pending, and that there are debts unpaid, and it does not appear that there is a sufficiency of personal assets in the hands of the administrator to pay the debts. The bill is filed by the widow and three minor children against the two adult heirs, one of whom is the administrator of the estate. It is alleged in the bill, as we understand the intent of the pleading, that one of the defendants had received from the decedent something near $5,000 for his schooling, which is claimed to have been made as an advancement to him; and that the other defendant had received of his father something near $3,000 for his education, which is also alleged to have been made as an advancement to him.

A demurrer was interposed to the bill of complaint on two grounds: (1) Because a partition suit did not lie while the estate was in the course of administration; (2) that the educational expenses of a child could not constitute an advancement. The demurrer was overruled.

1. Under § 3097, code 1892, tenants in common who have an estate in possession, or a right of possession, may bring a partition suit. That the estate of the decedent, from whom the tenants derive title, is in the course of administration, does not

affect the question; nor will the fact that debts may be owing which the personal estate will not satisfy, bar or postpone the exercise of this right. Possession or the right of possession in the tenants gives an absolute and unconditional right to partition, however inconvenient it may be to make it. It might be better for all parties, and doubtless would be the more convenient way, to pay all debts before a partition is made, but such payment of debts is not a condition of the exercise of the right. The statute does not impose such limitation.

In New Hampshire, where the statute gives a right to partition among tenants in common, whether in possession, remainder or reversion, in terms very similar to our statute in regard to tenants in possession, or with right of possession, the court on this question say: "Their [the tenants'] right to partition is not affected by the circumstance that the administrator, if the estate is insolvent, is entitled to the rents and profits pending the administration, nor that he has the right, by a license from the court of probate, to sell the property for the payment of debts, though it could not often be expedient to commence such a proceeding under such circumstances." *Kelly* v. *Kelly,* 41 N. H., 501.

2. It is the duty of a father to give his son an elementary education, and generally expenses incurred by the father for a university education would not be held as advancements, but we see no reason why a gift of money from a father to his child, to enable him to take a university education, whether in law, medicine, theology, or in the arts and sciences, should not constitute an advancement, if distinctly intended so to be at the time of the gift.

We know of no duty imposed by law upon the father to give his son a collegiate or professional education, and if by agreement with the son, or other distinct expression of such intention at the time of the gift, it is made as an advancement, we think the intention of the father should be carried out. *Edwards*

*v. Freeman,* 2 Eng. Rul. Cases, 251; 1 Am. & Eng. Enc. L. (2d ed.), 767.

> *The order of the chancellor is affirmed.*