HATHAWAY *v.* NORTH *et al.*

(In Banc. April 14, 1941.)

[1 So. (2d) 490. No. 34510.]

Leonard E. Nelson and Wm. I. McKay, both of Vicksburg, for appellant.

**L. G. North**, of Belzoni, for appellees.

Argued orally by **Leonard E. Nelson**, for appellant.

**McGehee, J.**, delivered the opinion of the court.

The appeal here is from a decree of the chancery court, which held, among other things, that this suit for partition and sale of real estate was prematurely brought; also, that the proof was insufficient and too indefinite to show who are the heirs at law of Agnes T. Rehse, who died testate in October, 1936, owning the property in question.

Under the last will and testament, which the Court is asked to construe, the testatrix bequeathed her home in the City of Vicksburg, consisting of a lot and the residence thereon, to her "first cousin, Royal Early North, and his wife, Kate Pinkston North, now living in Belzoni, Mississippi, same to be turned over to them at such time as is hereinafter stated." Then, after making some minor bequests of certain personal property and small sums of money, and directing how the payment of such debts as she might owe should be made, the instrument contained the following provision: "When all demands against the estate have been paid, the property is to be turned over to Royal Early North and his wife at once."

Mrs. Bessie Elmore Griffin was appointed to serve as executrix without bond, and it was provided in the will that she was to have rent free the sub-story of this residence property "as long as she desires to continue the Re-Sale Shop." That she was also to rent the two apartments in the building, pay the taxes, insurance, keep up the necessary repairs and pay such debts out of the rents as the testatrix might owe at the time of her death. It was further provided that in the event the testatrix has not already placed a marker at her husband's grave at the time of her death, one should be placed there and also one over the grave of the testatrix, to cost not in excess of $100 for the two markers. The will was prepared by the testatrix in her own handwriting, and concluded with the statement to the effect that she had unbounded confidence in the executrix therein named.

It was shown that Royal Early North predeceased the testatrix, and that therefore the bequest to him of a share in the real estate had lapsed, and in the absence of a residuary legatee it descended to the heirs at law of the testatrix at her death. The proof as to who are the heirs at law was based upon statements of the testatrix which were made to the executrix and other close personal friends and intimate associates of long standing, who resided in the City of Vicksburg, and who testified at the trial; also, the admission of record herein on the part of those heirs named by these witnesses as to who else were heirs and next of kin. This testimony was competent, and there was none offered to the contrary. It was objected to on the ground that it was hearsay—a proper and sometimes the only available method of proving kinship. But it is urged now on appeal that this testimony was incompetent on the ground that it was not the best evidence obtainable, it being contended that the alleged heirs could have been introduced as witnesses to establish their relationship. However, this particular ground of objection was not made in the court below, and will not be considered here. We think that the proof was sufficient to establish that the complainant in this partition proceeding and the defendants named therein as the other next of kin to the testatrix are the rightful heirs at law and entitled to inherit the share in the real estate sought to be devised to Royal Early North, and also any other property belonging to the estate not otherwise disposed of by the will, subject to the conditions imposed by law.

On the question as to whether the partition proceeding was prematurely brought, it is to be observed that while the executrix named in the will, and who is shown to have resigned and moved to Meridian, Mississippi, prior to the appointment of the appellee, Mrs. Kate Pinkston North, as administratrix, d. b. n. c. t. a., was to have the sub-story of the building as long as she desired ''to continue the Re-Sale Shop,'' she was given the right to rent

out the apartments therein for the sole purpose of paying such debts as the testatrix may have left unpaid at the time of her death, and the will expressly provided that this property should be turned over to Royal Early North and his wife immediately upon the payment of all demands against the estate.

The Court is asked to construe the will so as to determine whether the property was bequeathed in trust pending the payment of all debts and demands against the estate. We are of the opinion that while the instrument does not create an express trust for the payment of debts, as was held in the case of Cudahy Packing Company v. Miller's Estate, 103 Miss. 435, 60 So. 574, it does provide for the postponement of the right of Royal Early North and his wife to have the property turned over to them until the debts of the estate shall have been paid out of the rents derived therefrom.

The property is now under the control of the administratrix, who owns a one-half interest therein, and her supervision and management thereof is to the exclusion of those who inherited the other half interest in regard to which the owner had died intestate, insofar as the title is concerned. Moreover, the estate has been in the process of administration about four years, and the revenues from the property have not been sufficient to pay one-half of the probated claims during that time. There was no money left by the testatrix with which to pay the debts and the two general bequests of money and the personal property was insufficient for that purpose.

The creditors are not asking a sale of the real estate, and under our view of the case, the heirs at law are entitled to exercise the right to pay off the remaining indebtedness and have the property sold for partition of the proceeds, and also to have the court adjust the equities between the several tenants in common by charging the undivided half interest of the said Mrs. Kate Pinkston North with its proportionate share of said indebtedness and unpaid expenses of administration; or that in the

event the heirs do not elect to do so, then they are entitled to a decree for the sale of the property for partition of the proceeds, with directions to the commissioner to pay over the net proceeds of the sale to the said administratrix in order that the remaining indebtedness, after applying the proceeds of the personal property other than that specifically bequeathed in the will, together with the expense of placing the markers at the graves and of the administration may be paid therefrom, and the residue distributed among the tenants in common as their interest may appear, after payment of the fees and costs of the partition proceeding; it appearing that the value of the property will so permit. This relief will do no violence to the declared intent and purposes of the testatrix, when attempting to provide for the payment of her debts, nor will it defeat her wish that the executrix named therein should occupy the sub-story of the building during the period stipulated and execute the personal trust reposed in her as such, since she has already resigned as the executrix and removed from the premises in question.

Reversed and remanded.