BARNES *v.* ROGERS

In Banc. June 13, 1949.

(41 So. (2d) 58)

**T. Price Dale**, for appellant.

890

No brief filed for appellee.

**Montgomery, J.**

This is a suit to confirm a tax title to lots 1 to 17 and 20 to 33, Block 5, Washington Heights Survey, Forrest County, Mississippi. The complainant in deraigning his title shows that in 1941 Dr. D. C. Rogers, the appellee, owned the lots in question, having acquired the same by deed many years before, and that for the year 1941 the lots were duly and legally assessed for state and county taxes. The taxes for said year were not paid and the land was sold by the Tax Collector for the payment of the same. D. Seward became the highest bider therefor and the purchaser thereof at said tax sale, and the land not having been redeemed from the sale the title thereto matured in Seward. By mesne conveyances Tosh Barnes became the owner of Lots 1, 2 and 3, while Dr. D. C. Jackson became the owner through mesne conveyances of Lots 4 to 17 and 20 to 33. D. C. Jackson died intestate on July 11, 1944, leaving as his sole heirs at law his adult son De Forrest C. Jackson, and his minor son Donald B. Jackson. On July 15, 1944, letters of administration on the estate of Dr. D. C. Jackson, Sr., were granted to D. C. Jackson, Jr., his son, and while said administration was pending the minor son Donald B. Jackson, by his aunt and next friend Harriet Hays, on August 7, 1944, filed his bill in the Chancery Court of Forrest Coun-

ty, in which the administration of the estate was pending, praying for a partition of the said land. De Forrest C. Jackson filed his waiver of service of process and entry of appearance, but the court, evidently upon the theory that a partition could not be had until the administration of the estate had been closed, dismissed the bill without prejudice by a decree of the court on the 25th of November, 1944. Thereafter on January 21, 1945, Donald B. Jackson, a minor, by his paternal aunt Harriet Hays as next friend, filed suit against De Forrest C. Jackson in the County Court of Forrest County praying for a partition of said land and alleging in his bill that ''the value of said property does not exceed $1,000.00.'' De Forrest C. Jackson on October 23, 1944, waived the issuance and service of process on the bill and entered his appearance in the cause. On November 13, 1944, the County Court ordered a sale of the property for division of the proceeds and appointed a special commissioner to make the sale. The special commissioner sold the property after advertising same in accordance with the terms of the decree and at the proper time filed his report of said sale, in which he reported that the said lands were sold to Tosh Barnes, the highest and best bider therefor at and for the sum of $1200.00. On November 25, 1944, the County Court of Forrest County entered a final decree confirming the sale and directing the special commissioner to deliver to Tosh Barnes a deed to the property. On the same day the commissioner deeded Lots 4 to 17, inclusive, and Lots 20 to 33, inclusive, to the said Tosh Barnes. The final decree confirming the sale of expressly found that the value of the property as fixed in the original bill was its value at the time of the filing of this suit and that the excess was due to an increase in value since the filing of the suit because of the discovery of oil within a reasonable distance from the said land.

On May 15, 1946, Tosh Barnes, being the owner of the land under the aforesaid deraignment filed his petition in the Chancery court of Forrest County, Mississippi, pray-

ing for a confirmation of his tax title against Dr. David C. Rogers, the record owner of the property at the time of its assessment and sale for taxes. The proper allegations of nonresidence and postoffice and street address were given in the bill and the bill was sworn to. On this bill process was had on David .C. Rogers by publication in full compliance with the statute. A demurrer was filed to the bill, which demurrer was sustained and thereupon complainant filed an amended bill, to which there was no plea by the defendant. Complainant made a motion for a decree pro confesso. On September 26, 1947, after the lapse of the March and June 1947 terms of the court without any pleading having been filed on behalf of the defendant, the court entered a decree dismissing the bill of complaint at the cost of the complainant.

There are only two questions necessary for a decision in this case. The first question is whether or not a partition of the land of a deceased person may be had during the pendency of the administration of his estate and prior to the expiration of the period for the probating of claims.

Let us bear in mind that the administration covers only the personal property belonging to the estate and the real property is no wise involved in the administration unless and until the personal property becomes insufficient to pay the debts and it becomes necessary to resort to the land for the payment of the debts of the estate.

Under the provisions of Section 961 of the Code of 1942, partition of land held by tenants in common having an estate in possession, or a right of possession, and not in reversion or remainder, may be made by decree of the Chancery Court of that County in which the lands, or some part thereof, are situated. That the estate of the decedent from whom the tenants in common derive title is in the course of administration does not effect the right to a partition, neither will the fact that debts may be owing which the personal estate will not satisfy, bar

or postpone the exercise of this right. Possession, or the right of possession, in the tenants in common gives an absolute and unconditional right to partition however inconvenient it may be to make. Garrett v. Colvin, 77 Miss. 408, 26 So. 963; Hathaway v. North, 190 Miss. 697, 1 So. (2d) 490. The complainant was entitled to a partition of the land involved in this suit even though the administration was still pending at the time of the filing of the bill, whether the personal property was sufficient to pay the debts due by the deceased or not. In the case at bar, however, it developed on the hearing that the administrator collected $2,452.22 during the period of administration, out of which he paid all debts due by the deceased in the amount of $1,217.13, leaving a balance in cash for distribution in the amount of $1,235.09. However, the partition could have been maintained under the decisions in this State even though the personal property were insufficient to pay the debts due by the estate, the lands remaining liable for debts, if any.

In regard to the second contention to the effect that the county court was without jurisdiction of the partition suit because the lands at the time of the sale brought $1,-200.00, thereby exceeding the jurisdiction of the county court as fixed by Section 1604 of the Mississippi Code of 1942, we can find no merit to the contention.

In Daniels v. Jordan, 161 Miss. 78, 134 So. 903, we held that the county court is a court of general jurisdiction although limited in the amount of its jurisdiction. It will be remembered that the original bill alleged that the value of the lots at the time of the filing of the bill would not exceed $1,000.00 and the final decree of the county court adjudicated the truth of this fact, and found that the value of the land had increased since the time of the filing of the bill because of the discovery of oil nearby. This decree was not appealed from and is binding upon the parties to that suit. In 21, C. J. S., Courts, § 54(b), page 64, we find the rule stated to the effect that the jurisdiction of a court is determined by the amount

in controversy at the time when the court is first called on to exercise jurisdiction, which in the trial court is the amount claimed at the time when the suit is filed, and in the same volume at page 143, § 93, we find it stated that it is well established as a general rule that jurisdiction once acquired is not defeated by subsequent events, even though they are of such character as would have prevented jurisdiction from attaching in the first instance.

We are of the opinion that the decree for partition in the county court of Forrest County was a valid proceeding and that the commissioner's deed to Tosh Barnes vested in him a valid title to the lands sold in that proceeding.

Since the bill in the lower court was dismissed on the hearing of the motion for a decree pro confesso it is proper that this cause be reversed and remanded to the lower court for the entry of a decree pro confesso there, and the entry of a final decree for complainant thereafter when the decree pro confesso has been entered.

Reversed and remanded.