BOWLING, Justice,
for the Court:
Appellant James E. McConnell, Jr., filed his bill of complaint in the Chancery Court of Lowndes County against appellee Nancy Lea McConnell, his former wife, asking for alternative relief.
The complaint alleged that both parties owned an undivided interest in two commercial lots in the City of Columbus, Mississippi; appellee having secured her title by a deed from appellant. It was requested that the court enjoin Nancy McConnell to reconvey her recorded interest in the property to appellant or in the alternative that the property be partited pursuant to the provisions of Mississippi Code Annotated, Section 11-21-1, et seq. (1972).
Appellant and his brother were engaged in the moving business and owned the subject property in equal shares as tenants in common. In 1965, the business was threatened by litigation and the McConnell brothers conveyed their interest to their respective wives. At that time, appellant and appellee evidently were enjoying a blissful marital relationship. Somewhere along the line, that situation changed and the bliss disappeared, resulting in a divorce for the parties prior to the filing of the present suit. Appellant contends in this suit that his former wife should be made to recon-vey the one-half of the property in question now in her name to appellant, or for alternative relief as hereinbefore stated.
In October 1977 appellant bought his brother’s interest in the business and secured a loan for that purpose. Two other loans were made to appellant which has resulted in three mortgage instruments on the subject property. Appellee went along with appellant and subjected her interest to the liens resulting from the loan instruments.
At the conclusion of the brief hearing, the chancellor rendered his opinion denying both alternative prayers for relief and dismissed the bill of complaint. He also dismissed appellee’s cross claim requesting rent subsequent to the time she received title to one-half of the property.
The court in its opinion stated “that in the absence of proof that subject property cannot be partited in kind, the petition for partition will be denied.” The chancellor found that “the court finds that partition proceedings are punitive in nature and that a forced sale under current economic conditions might not bring a reasonable price for the subject property;” and “the parties have been unable to agree on a minimum value for the subject real estate and the court finds that it has the discretion under these circumstances to deny the partition and does hereby decline to do so.”
In his order the chancellor stated:
It is, therefore, ordered, adjudged and decreed that the complainant’s request for cancellation of the defendant’s interest in the subject real estate, as well as the complainant’s request that the subject real estate be partitioned, should be and it is hereby denied.
Ironically, both parties agree that appellant has a right to force a partition of the property. This clearly is set out in the *787 above cited code sections and in the following authorities, to wit: Higginbotham v. Short, 25 Miss. (3 Cushm.) 160 (1852); Hathaway v. North, 190 Miss. 697, 1 So.2d 490 (1941); Garrett v. Colvin, 11 Miss. 408, 26 So. 963 (1899); Barnes v. Rogers, 206 Miss. 887, 41 So.2d 58 (1949). See also 59 Am.Jur., Partition, Section 30 at 793.
It is admitted by both parties that the property cannot be partitioned in kind as it would require commercial buildings to be cut in some manner, by saw or otherwise, which, of course, would be about as ridiculous as the above statement. It is elementary and authority is not needed for the proposition that this Court is on record as interpreting the statutes to require partition in kind when that can be done. It. cannot be done here, but contrary to the lower court’s opinion, a partition sale is mandated.
The evidence in the record tends to show that the proceeds from the loans establishing the liens on the property in question were used solely by appellant and the corporate structure operating the moving business on the property. Appellee, therefore, is entitled to protection after partition from the proceeds of her partited interest being subjected to the loan liens. The chancellor has this authority, in addition to his equitable powers, by the provisions of MCA § 11-21-9, which states:
The court may adjust the equities between and determine all claims of the several co-tenants as well as the equities and claims of encumbrancers.
and MCA § 11-21-33, granting the court the power to determine owelty and grant liens for that purpose.
We, therefore, reverse and remand the cause to the Chancery Court of Lowndes County for a hearing to conform to the statutes requiring partition of the property in question by sale. At said hearing the facts surrounding the loans mentioned above should be developed fully and the court should enter its decree that would result in full protection of appellee’s interest without charging her with loan funds received and solely used by appellant and his corporation.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, and SULLIVAN, JJ., concur.