523 So.2d 1033 (1988)
Arthur Singleton CHEEKS and Calista Cheeks
v.
Mary Jo HERRINGTON and Odell Barnett.
No. 57665.
Supreme Court of Mississippi.
April 27, 1988.
*1034 Raymond Swartzfager, Jr., Laurel, for appellants.
Paul G. Swartzfager, Sr., Laurel, for appellees.
Before DAN M. LEE, P.J., and ROBERTSON and ZUCCARO, JJ.
ZUCCARO, Justice, for the Court:

STATEMENT OF FACTS
On April 14, 1986 the Jones County Chancery Court entered judgment for the plaintiffs, Mary Jo Herrington and Odell Barnett, granting their petition for partition of a parcel of property located in Jones County, Mississippi. From this judgment the appellants, Arthur Singleton Cheeks and Calista Cheeks, appeal.
The property in dispute was originally titled in the name of Burkett B. Barnett and Sarah Barnett as tenants in common. It was their homestead. The Barnetts were married with no children of that union; however, Burkett Barnett had a son, Odell Barnett, by a former marriage. Burkett Barnett died intestate in the early 1950's survived by Sarah and his son, Odell. By virtue of the tenancy in common Sarah Barnett had a one-half undivided interest in the property. When Burkett died intestate his one-half interest descended to his son Odell as to a one-fourth interest in the property and his wife Sarah as to one-fourth in the property. Consequently, Sarah owned three-fourths interest and Odell one-fourth.
On September 29, 1970 Sarah conveyed the subject property by warranty deed to Arthur Singleton Cheeks reserving a life estate in herself. Odell did not join in the conveyance.
During 1976, this property was conveyed to another individual named Charlie Ellis by deeds from Arthur Cheeks and Sarah Barnett (Lipscomb), who had married Flem Lipscomb. Said Flem Lipscomb died prior to these deeds being executed and delivered. Charlie Ellis then reconveyed this property to Sara Barnett Lipscomb.
In 1979, Sarah Barnett Lipscomb conveyed the property to Arthur Cheeks and Calista Cheeks, appellants herein, by warranty deed, purporting to convey to them, as tenants in the entirety, "all of my right, title and interest."
*1035 The Cheeks had paid the taxes on this property since 1977 and at time of trial occupied the property as their homestead.
The trial court ordered partition and the appellants, Arthur and Calista Cheeks, appeal and assign the following as error:
1. THE LOWER COURT ERRED IN FINDING THAT ODELL BARNETT WAS THE HEIR OF BURKETT BARNETT.
2. THE LOWER COURT ERRED IN FINDING THAT LACHES OR EQUITABLE ESTOPPEL WOULD NOT APPLY AS A DEFENSE.
3. THE LOWER COURT ERRED IN FINDING THAT THE SUBJECT PROPERTY SHOULD BE PARTITED AND THE PROCEEDS DIVIDED BETWEEN THE PARTIES WITHOUT FIRST PROVIDING FOR OWELTY OR AN ACCOUNTING FOR IMPROVEMENTS MADE BY THE PRESENT TITLE HOLDERS AND THEIR SUCCESSORS IN TITLE.
4. THE LOWER COURT ERRED IN NOT ALLOWING THE APPELLANTS TO ENTER INTO EVIDENCE TESTIMONY AS TO IMPROVEMENTS THEY HAD MADE TO THE PROPERTY BASED ON THEIR GOOD FAITH BELIEF THAT THEY HAD FULL TITLE.

DID THE LOWER COURT ERR IN FINDING THAT ODELL BARNETT WAS THE HEIR OF BURKETT B. BARNETT?
The trial court found that Odell Barnett was the son of Burkett Barnett and inherited one-half of the one-half interest in the subject property owned by Burkett Barnett at the latter's death. The chancellor, therefore, ordered the property sold and the proceeds from the sale divided, one-fourth to Odell Barnett, appellee and three-fourths to the Cheeks, appellants.
There was no evidence in the record to support an argument that Odell was illegitimate and, in fact, there was ample evidence to show that Odell was the legitimate son of Burkett Barnett by a former marriage and that the community was aware of such fact. In fact, Mr. Cheeks himself testified that Burkett Barnett had a son who was never around. The chancellor found Odell to be the son and heir of Burkett Barnett. We uphold the chancellor in this regard. "Unless the chancellor's determination of fact is manifestly wrong this Court will uphold his decision" Dillon v. Dillon, 498 So.2d 328, 329 (Miss. 1986); Dubois v. Dubois, 275 So.2d 100 (Miss. 1973). The Court finds this assignment of error without merit.

DID THE LOWER COURT ERR IN FINDING THAT LACHES OR EQUITABLE ESTOPPEL WOULD NOT APPLY AS A DEFENSE?
The appellants contend that the lower court erred in holding that laches or equitable estoppel would not bar the appellees from bringing their petition to partition the subject property. Appellants further assert that the lower court failed to recognize the termination of Sarah Lipscomb's homestead interest in the property upon her marriage to Flem Lipscomb two years after Burkett Barnett's death.
Upon remarriage of a widow, her rights under Miss. Code Ann. § 91-1-23 (1972) (preventing partition of homestead property) are terminated and the entire property becomes subject to partition by any and all of the other joint owners. Breland v. Bryant, 402 So.2d 838, 842 (Miss. 1981); Jefcoat v. Powell, 235 Miss. 291, 108 So.2d 868 (1959); Medford v. Mathis, 176 Miss. 188, 168 So. 607 (1936). In light of this case law, Sarah Lipscomb's homestead interest terminated in approximately 1952 when she married Lipscomb. The appellants assert that this thirty three (33) year delay by the appellees in petitioning for partition constitutes a situation in which laches and equitable estoppel should be available defenses. This is not a correct statement of the law.
The right to partition property is absolute with the exception of the limitation placed on homestead property. According to Mississippi case law, "Possession, or the right of possession vested in the tenants in common gives an absolute and unconditional right to partition however *1036 inconvenient it may be to make." Barnes v. Rogers, 206 Miss. 887, 41 So.2d 58 (1949); Garrett v. Colvin, 77 Miss. 408, 26 So. 963 (1899); Hathaway v. North, 190 Miss. 697, 1 So.2d 490 (1941); Daughtrey v. Daughtrey, 474 So.2d 598, 601 (Miss. 1985). McConnell v. McConnell, 449 So.2d 785, 786 (Miss. 1984) implies that a co-tenant has a right to force a partition of property citing as authority the following: Higginbotham v. Short, 25 Miss. (3 Cushm.) 160 (1852); Hathaway v. North, 190 Miss. 697, 1 So.2d 490 (1941); Garrett v. Colvin, 77 Miss. 408, 26 So. 963 (1899); Barnes v. Rogers, 206 Miss. 887, 41 So.2d 58 (1949). In Blackmon v. Blackmon, 350 So.2d 44, 46 (Miss. 1977) this Court cited Lynch v. Lynch, 196 Miss. 276, 17 So.2d 195 (1944) which held that all that was necessary for a partition is "that the parties be co-tenants of whatever is to be partitioned."
In Steele v. Mack, 341 So.2d 1322, 1325 (Miss. 1977) the appellee raised the affirmative defense of laches. This court stated, "There is no merit to the appellee's contention that Marie is barred by laches from demanding a partition. Mississippi law is clear that laches provides no defense in the absence of a showing of an unequivocal ouster." Hurst v. J.M. Griffin & Sons, Inc., 209 Miss. 381, 388, 46 So.2d 440, 442 (1950):
The term "ouster" is used primarily in cases involving a claim of adverse possession by a tenant in common. The meaning of, and what constitutes an ouster was set forth in Nichols v. Gaddis and McLaurin, Inc., 222 Miss. 207, 75 So.2d 625, (1955):
An ouster is the wrongful dispossession or exclusion by one tenant in common of his cotenants from the common property of which they are entitled to possession. An ouster cannot be proved merely by acts which are consistent with an honest intent to acknowledge the rights of the cotenant. It does not necessarily imply an act accompanied by force. Because of the relationship between tenants in common, possession which in ordinary cases would constitute adverse possession is not sufficient where entry was made as a tenant in common... . In order to establish ouster of cotenants by a tenant in common in possession, the cotenants out of possession must have notice of his adverse claim either "from actual knowledge or as is sometimes vaguely expressed, by acts equivalent thereto", as by conduct so unequivocal that knowledge on the part of the cotenant out of possession must be necessarily presumed... . "The testimony of such knowledge by the other tenants in common must be clear and convincing. Fox v. Wilkins, 201 Miss. 78, 28 So.2d 577 (1947). It is not enough that the possession to convey title should be apparently adverse but must be such with actual notice to the co-tenants or shown by such acts of repudiation of their claim as are equivalent to actual notice to them." 222 Miss. at 222, 75 So.2d at 629.
A physical ouster is impossible of accomplishment as against a tenant in common not in possession, and who may never have set foot on the land nor have any intention of doing so. Ouster in such a case must be unequivocal notice of some kind to the co-tenant not in possession that the one in possession intends to hold and claim ownership of the property to the exclusion of all others.
Monaghan v. Wagner, 487 So.2d 815, 819 (Miss. 1986). There was no ouster of Odell Barnett by anyone; therefore, laches is no defense.
DID THE LOWER COURT ERR IN FINDING THAT THE SUBJECT PROPERTY SHOULD BE PARTITED AND THE PROCEEDS DIVIDED BETWEEN THE PARTIES WITHOUT FIRST PROVIDING FOR OWELTY OR AN ACCOUNTING FOR IMPROVEMENTS MADE BY THE PRESENT TITLE HOLDERS AND THEIR SUCCESSORS IN TITLE?
Appellants allege that the court erred in failing to allow owelty and an accounting for improvements made to the property.
*1037 The general rule of law in Mississippi is that when a tenant in common is in possession of the entire property, and so long as he is not called on to pay for its use and occupation, he is under a duty to preserve the property and to make all ordinary repairs which will go to its preservation as respects its condition at the time he went into possession. Delta Cotton Oil Co. v. Lovelace, 189 Miss. 113, 132-33, 196 So. 644 (1940). In conformity with this rule of law we hold that making repairs which are necessary for the preservation and maintenance of property is the sole responsibility of the person in actual or legal possession. Therefore this Court remands this case for the lower court to adjust the equities between the co-tenants, pursuant to Miss. Code Ann. § 11-21-9 (1972), as it deems necessary upon hearing evidence as to what improvements have been made. Prudential Ins. Co. v. Gleason, 185 Miss. 243, 187 So. 229 (1939).
The Court determines that the necessity to address the appellants' assignment alleging error on behalf of the lower court for its failure to hear evidence of improvements is obviated in light of the determination to remand to lower court for it to adjust the equities.
The lower court's finding that Odell Barnett was the legitimate son of Burkett Barnett is affirmed as is its finding that neither laches nor equitable estoppel constituted a defense to partition. The cause is remanded to proceed with the sale and determination of equities, attorneys fees and court costs.
AFFIRMED IN PART AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.