IRVING, J.,
for the Court.
¶ 1. Patti Lei Morris appeals from an order entered by the Chancery Court of Jackson County dismissing her complaint to partition in kind a family cemetery plot. Morris argues that the chancellor erred in not granting her request to partite the property.
FACTS
¶ 2. The Appellant, Morris, owns a 13/15th interest in a family cemetery plot in Ocean Springs, Mississippi. The plot was originally deeded to Iola Davidson, Morris’s grandmother. Davidson died intestate and the plot passed to her five daughters, Davida, Iris, Delores, Joyce, and Patricia. Davida, Iris and Delores are deceased. Morris is Delores’s daughter. She acquired her 13/15 interest from the various heirs of her grandmother.
¶ 3. The Appellees, Marco St. John and David Figueroa, are two of the three children born to Iris and they own the remaining 2/15th interest in the property. Their parents are buried in the northeast corner of the plot. Marco and David have refused to sell their interest in the family plot to Morris. Morris seeks to partite the property in order to gain control of the family headstone and other property.
¶ 4. The family headstone is granite with two wings with the name Davidson in the middle. On the left side is Oren Davidson, the grandfather, and on the right side is Iola Faibvre, the grandmother. The headstone has the names Marco Figueroa, Sr. (Marco) and Iris Figueroa on it, but Marco Figueroa Sr. was not a Davidson. Moreover, Marco and Iris were not married when Marco died, and Iris had remarried and acquired the last name Springer.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 5. Morris asserts that the chancellor applied the law incorrectly and thus a de novo standard of review should be applied. Also, Morris contends that there is no law in Mississippi which prohibits the partition in kind of a cemetery plot. Morris quotes Mississippi Code Annotated Section 11-21-3 (Supp.2001) in support of her right to pursue a partition of the plot. Moreover, Morris avers that the chancellor erred by not considering that the best interest of the parties would be served by a division of the cemetery plot with the *694 Figueroas receiving the portion of the plot in which their parents are buried with some additional room for future burials in proportion to their ownership interest. Morris cites cases which favor partition in kind over partition by sale.
¶ 6. Figueroa asserts that the chancellor did not err in his decision not to partite the plot. Also, Figueroa points out that, even though he cited no case law which prohibits partitioning in kind, Morris also failed to show any authority for the proposition that a cemetery plot may be partit-ed.
¶ 7. When reviewing the decision of a chancellor, we will accept the findings of fact as long as the evidence in the record reasonably supports those findings. Mercier v. Mercier, 717 So.2d 804, 306 (¶ 8) (Miss.1998) (citing Perkins v. Thompson, 609 So.2d 390, 393 (Miss.1992)). In other words, we will not disturb the findings of a chancellor unless those findings are clearly erroneous or an erroneous legal standard was applied. Id. (citing Hill v. Southeastern Floor Covering Co., 596 So.2d 874, 877 (Miss.1992)). Any issues of law will be reviewed de novo. White v. Usry, 800 So.2d 125 (¶ 9) (Miss.Ct.App.2001) (citing Zeman v. Stanford, 789 So.2d 798, 802 (Miss.2001)).
¶ 8. It is clear in the jurisprudence of our state that, except for homestead property, the right to partition property is absolute. Thornhill v. Chapman, 748 So.2d 819(¶ 16) (Miss.Ct.App.1999) (citing Cheeks v. Herrington, 523 So.2d 1033,1035 (Miss.1988)). Moreover, the right to partition is unconditional regardless of the inconvenience. Cheeks, 523 So.2d at 1035-36.
¶ 9. The chancellor, in the case sub judi-ce, stated in his final order that “none of the relief sought in this case is well taken; and therefore, the relief requested by the parties is hereby overruled and dismissed.” The chancellor failed to explain what legal premise, evidence or lack thereof supported this dismissal. We are unable to find reasonable support in the record for the chancellor’s conclusion. Therefore, we reverse and remand this case for further proceedings consistent with this opinion.
¶10. THE JUDGMENT OF THE CHANCERY COURT OF JACKSON COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, CHANDLER AND BRANTLEY, JJ., CONCUR. McMILLIN, C.J., THOMAS AND MYERS, JJ., NOT PARTICIPATING.